Territory, respondent, *v.* Deegan, appellant.

Town-site — *dedication of street — statute of limitations — remedy of occupant*. A. occupied and inclosed in 1866, a tract of land in Helena, and possessed it until the commencement of this action in November, 1876. The plat of the town-site of Helena, designating a street and alley on said land, was filed and approved in 1869, but the fences and buildings were never removed. In 1869, after the publication of the notice in the newspapers as required by law, A. filed applications with the trustee of the town-site and received deeds to the part of the tract which was not included within a street or alley. A. never filed applications for any part of the street or alley, although he had valuable improvements thereon, and accepted deeds which described lots bounding on said street or alley. A. was indicted for obstructing the street and alley. The act of the legislative assembly of the Territory, relating to town-sites, prescribes the time within which the claimants to lots must assert their rights thereto, and gives them a right of appeal to the district court. The statute provides further that the streets and alleys designated in the plat of the town, after the filing of the plat in the proper office, "shall remain dedicated to public use forever." *Held*, that A. was confined to his statutory remedy to obtain said land and could not assert any title to the street or alley after the plat had been filed and accepted, and the time limited by law had expired. *Held*, also, that the Statute of Limitations of the Territory does not affect the right of the public to the use of the street and alley, and that A. was indicted properly for obstructing the same by maintaining his fences and buildings which had been erected in 1866.

*Appeal from Second District, Deer Lodge County.*

This action was tried by Knowles, J., without a jury. The subject of controversy was situated in the third judicial district, and the place of trial was changed by reason of Wade, C. J. being disqualified.

Chumasero & Chadwick, for appellant.

The facts of this case warranted no conviction and the judgment below was erroneous for the following reasons :

The appellant had the right to enter upon the premises in question and acquire good title against all save the United States. U. S. Rev. Sts., §§ 2257–8, 2382.

Under the act of March 1, 1867, no rights acquired under the

above acts could be taken away or interfered with by the public officers therein named. U. S. Sts., §§ 2387–9, 2392; Cod. Sts. 547, §§ 3–4.

Under the United States law of 1867, the probate judge had no authority to lay out or create a street or alley where none had previously existed. Such have been the decisions of California and Montana; *Jones* v. *Petaluma,* 36 Cal. 230; *Alemany* v. *Petaluma,* 38 id. 554; *Hall* v. *Ashby,* 2 Mon. 489.

The authorities named in the acts of congress can exercise no powers not expressly conferred, and are to be strictly construed. *Ming* v. *Truett,* 1 Mon. 322; *Edwards* v. *Tracy,* 2 id. 49; *Denver* v. *Kent,* 1 Col. 336, and cases above cited.

Under former decisions of California and Montana, the probate judge had no power to convert the land of appellant into streets and alleys, and judgment of court below must be reversed.

The premises in question belonged to appellant absolutely save as against the United States, and could not be taken for public use only by legal condemnation and due compensation made.

The probate judge had no authority under the law to condemn land for such public use. See *Robertson* v. *Smith,* 1 Mon. 410, and authorities there cited.

J. K. TOOLE, district attorney, Third District, and SANDERS & CULLEN, for respondents.

The case may be conveniently considered under the following heads:

1st. Is the property described as an alley the property of appellant?

2d. If not, is it an alley or way?

3d. Did appellant obstruct it as alleged?

The last point is conceded, and the others only need to be considered. As to the first of the above points respondent claims that *locus* is not the property of appellant.

The title is not in him but is in the probate judge as trustee, as are all the other streets, alleys and squares of the town.

Appellant's rights were created by the "Act for the relief of the

inhabitants of cities and towns upon the public domain," approved March 2, 1867, and the act amendatory thereof, approved January 8, 1868, and chapter 57 of the Codified Statutes, p. 546, which being expressly authorized are the creation of the right and the sole method of its protection and enforcement, and he has waived all his rights to the premises not only by omitting to do what the law prescribed he should do to secure and protect his right, but by affirmatively ratifying what the probate judge and county commissioners did do.

Appellant did not comply with section 7 of town-site act, of unquestioned validity, and which, in the nature of a statute of limitations prescribes how the right shall be secured, which the legislation of congress and the Territory had granted as an inchoate claim, to be ripened in this manner and no other, into an absolute and indefeasible right.

Appellant says in effect : " I will accept the right you give, but will not comply with the terms on which it is granted."

The government being the absolute owner of this property has said : " Here is a right which we have to give and here are the terms with which you must comply to acquire it ;" and is answered : " I will accept the right, but not liking your terms, I will prescribe my own."

By section 9 of town-site act an inquiry is provided for as to whether the survey is proper and conformable to existing rights, and whether the awards made are consistent with such rights, and by section 12 an appeal is provided to the district court. Under sections 5 and 6 he files his statement of claim and hints no claim to the alleys. The probate judge awards him all that he claims and he makes no appeal as provided in section 12, and makes no complaint of ungenerous treatment for six years.

Appellant now claims that he then occupied these premises in dispute, with improvements and might then have shown the fact and secured a title thereto. But section 7 of said act limits the time for making such proof to six months from date of publication of notice ; as this was not done, the facts are now immaterial.

All the lots in a town are charged with a lien to pay costs

of survey and entry, but appellant seeks to enjoy the property without paying any portion of such expense. He repudiates the law and the expense, leaving others to pay more than their share that he may have more than he asks for. Had appellant been absolute owner of the land and stood silently by and seen this ground taken for an alley without asserting his right, he would have been estopped from doing so thereafter. But he was no owner, only an occupant, charged with immediate duties if he had wished the exclusive enjoyment of these premises. These he neglects and seeks to enjoy the property without sharing the burdens of expense which the law intended should be borne by all lot owners in proportion to the ground occupied and claimed.

Next — Is this an alley ?

An alley is a highway, usually not so wide, but possessing all the qualities of a highway, and is such in the contemplation of law. A probate judge has no power to create a highway ; it is a legislative act which the general assembly may confide to subordinate local functionaries, such as county commissioners. But where the law gives to any authority the power of platting a town site and provides the method by which any wrong done can be remedied by rehearing or appeal, and such authority is exercised and roads laid, and the law provides that the approval or rejection of such plat be confided to any authority competent to lay out highways, and such authority approves the plat, it becomes a legal creation of a highway.

Against the creation of such highway either public authorities or any private person might have appealed under section 12, within the time limited, and so could the act of the probate judge in closing any street or alley. Where a right is given and a remedy prescribed in the same statute, the remedy is exclusive of every other and must be followed. Sedgwick on Stat. Const. 94, 111.

BLAKE, J. The appellant has been indicted and convicted of the crime of obstructing a street and alley within the town site of Helena. The facts were agreed upon in the court below and it is necessary for us to state those on which this opinion is based.

The appellant entered into the actual and exclusive possession of, and enclosed a part of the public domain in August, 1866, which was afterward included within the exterior limits of the town site of Helena. No street or alley had been marked and used or traveled on upon this tract before the town site was surveyed. The ways, which are mentioned in the indictment, were surveyed and the plat designating them on the town site was accepted and filed by the proper officers in 1869. The appellant has not been disturbed in the possession of the land on which the street and alley ere located, and his fences and buildings standing thereon have not been removed since 1866. In 1869, after the publication of the official notice in the newspaper according to law, the appellant filed with the trustee of the town site seven applications for the lots which had been surveyed on this tract, and afterward received deeds to the same. No portion of the land, which is included within the street and alley, was described in the application or the deeds, and neither the appellant, nor any other person, ever filed any application therefor or received a deed to it. At the time when the town site was surveyed and the plat was accepted and filed, the appellant owned valuable improvements consisting of fences, sheds and corrals, which were situated on the land that had been designated as a street and alley.

The appellant admits that he erected and maintains the obstructions which are specified in the indictment, but denies that the street and alley have been established according to the statutes of the Territory, and claims the premises in dispute as his private property. The appellant relies on the case of *Hall* v. *Ashby*, 2 Mon. 489, and the authorities there cited to support his position. This court held that the trustee of a town site had no power to create an alley which had not been designated upon the plat of the town site of Helena, but this principle is not applicable to the facts before us and therefore is not decisive of this action.

Some sections of the act of the legislative assembly concerning town sites have been cited and construed by this court in the case of *Schnepel* v. *Mellen*, *post*, and we comment upon them in brief terms. The claimants of town lots are required to file in the

office of the trustee a statement of their claims within two months from the date of the first publication of the notice in the newspaper. Cod. Sts. 548, § 5. The claimants of lots must make proof of their claims and pay for them within six months from and after the expiration of the notice. § 7. The claimants who feel aggrieved by the decision of the trustee have the right to appeal to the district court. § 12. After the plat of the town has been accepted and filed in the office of the proper county recorder "the streets and alleys designated in such plat shall remain dedicated to public use forever." §´4.

The indictment was filed in the court below, November 8, 1876. If the dedication of the street and alley has been extinguished by the adverse possession of the appellant, the indictment has been improperly found. Upon this subject the authorities are conflicting, but the intention of the law-making power in defining the acts by which the street and alley have been "dedicated to public use forever" can be carried into effect by following the decisions of the supreme court of California. In *Hoadley* v. *San Francisco*, 50 Cal. 265, Mr. Justice RHODES in the opinion says:

" When lands have been held adversely under such circumstances and for such a period that the title held by a private person, or by a municipality, or by the State as a private proprietor, would be extinguished under the operation of the Statute of Limitations, will such adverse possession also extinguish a public use if the lands have been dedicated to that purpose; will it also bar the rights which the public gained by the dedication? We are of the opinion that the question must be answered in the negative. The Statute of Limitations was not intended as a bar to the assertion by the public of rights of that character."

To the same effect are *Sawyer* v. *San Francisco*, 50 Cal. 370; *San Francisco* v. *Sullivan*, 50 id. 603.*

Have the rights of the appellant been affected by his failure to file at the appropriate time an application with the trustee of the

*After this decision had been made, the case of *People* v. *Pope*, 53 Cal. 437, was published, and the court holds that " no one can acquire by adverse occupation, as against the public, the right to obstruct a street dedicated to public use, and thus prevent the use of it as a public highway."—B.

town site for a deed to the street and alley under the laws of the Territory? It is presumed that the appellant knew that the street and alley would be dedicated to the "public use forever," if he did not take the proper steps to vindicate his title thereto. He has not asserted his claim to this property in the manner prescribed by law, and has applied for and received deeds to certain lots which are bounded by the street and alley. It is maintained that the authorities of the town site have not been clothed with the power to take the property of the appellant for public purposes without condemnation and giving him compensation. There is no necessity for us to express an opinion upon this question, because we think that this case depends on the point we will now consider.

In *Dudley* v. *Mayhew*, 3 N. Y. 15, Mr. Justice Strong says: "It is very clear that when a party is confined to a statutory remedy, he must take it as it is conferred ; and that where the enforcing tribunal is specified, the designation forms a part of the remedy, and all others are excluded. * * * The principle that where a statute confers a right, and prescribes adequate means for protecting it, the proprietor is confined to the statutory remedy, is conformable to the manifest intention of the legislature in such cases, and has therefore been properly settled in the courts of England and in this country." In *Cofield* v. *McClellan*, 1 Col. 373, Mr. Justice Wells says : "We are of opinion, therefore, that every person who, in virtue of an occupancy or improvement existing at the date of the entry of the town site, or prior thereto, seeks to bring in question the right of one holding by conveyance from the trustee, must show affirmatively a compliance on his part with the requirements of the fourth section of the act of the Territorial legislature of March 11, 1864, or at least must excuse his failure to comply therewith."

The fourth section of the act, which is mentioned, contains provisions which are similar to those of the act relating to town sites in the Territory, *supra.* It required the claimants of lots in the town site of Denver to file their application with certain officers within ninety days after the first publication of a notice. Our statute provides that no proof by the claimants of lots shall be

permitted to be made after the expiration of six months from the publication of the notice. Cod. Sts. 548, § 7. The case of *Cofield* v. *McClellan, supra,* was affirmed by the supreme court of the United States, 16 Wall. 331.

The appellant does not attempt to excuse his failure to comply with the Town Site Act, *supra.* After the acceptance and filing of the plat, and before the finding of the indictment, a period of six years, the public acquired a right to enjoy the street and alley, which have been obstructed by the appellant. Upon the trial, the appellant could not plead as a defense that he occupied the premises, or question the action of the trustee of the town site. He had slept upon the rights which he then maintained. The statute established one tribunal, to which the appellant was compelled to resort to obtain a valid title to the property in controversy, and the district court, in which this action was tried, had no original jurisdiction in these matters. The appellant had no remedy at common law, and the statute pointed out clearly his sole mode of proceeding.

It has been held that the existence of a street in a town may be proved by showing that the owner has sold lots on opposite sides of a strip of ground suitable for a highway, and stood by and saw it used by the public as such; or that he stood by and permitted such user for a time, and under circumstances evidencing a dedication. *Gwynn* v. *Homan,* 15 Ind. 201; Angell on Highways, § 143. The appellant applied for deeds and paid for lots on opposite sides of the street and alley, and stood by and saw the authorities adopt the measures which were essential to create these highways. We might presume that he acquiesced in all the acts of the trustee of the town site, and thereby forfeited his claims after the rights of the public intervened.

KNOWLES, J., concurred.

WADE, C. J., being disqualified, did not participate in this decision.

*Judgment affirmed.*