GWYNN *v.* HOMAN.

A street may be shown to exist in a town or city, whether incorporated or not, by a public plat, together with user by the public, or a sale of adjoining lots by the proprietor:

Or, by proof of a parol dedication to the public, accompanied by user by the public:

Or, by proof of acts of the owner evidencing a dedication, as by selling lots on opposite sides of a strip suitable for a street, and standing by and seeing it used by the public:

Or, by proof of a taking by lawful authority for the public use.

Nov. Term,
1860.

GWYNN
v.
HOMAN.

Wednesday,
December 5.

APPEAL from the *Hendricks* Common Pleas.

PERKINS, J.—*Homan* sued *Gwynn* for obstructing a street in the town of *Cartersburg*, whereby special damages resulted to the plaintiff. Trial upon a general denial; judgment for the plaintiff.

The case turns upon the question, whether the place obstructed was a public street. All the evidence given upon the trial is in the record; and we think it fails to establish the fact of the street.

What is evidence of the existence of a street in a town or city? How may the fact be proved? It may be proved:

1. By a public plat of the town or city, on which the street is laid down, together with user by the public of the designated ground as a street. The mere platting by the proprietor, without a sale of lots adjoining, or user by the public, does not seem to be sufficient. See *United States* v. *Chicago*, 7 How. (U. S.) 185. And where it becomes necessary for a party to rely on the fact of a dedication by a plat, to make out the existence of a street, the plat, or a record of it, is the best evidence of the fact. It is not necessary, in such case, to prove that the town or city is incorporated; for an unincorporated place may have public streets or highways.

2. The fact of a street, or highway, may be proved, by showing a parol dedication to the public, accompanied by user by the public. See Ind. Dig., *infra*.

3. Such fact may be shown by proof of acts on the part of the owner, such as selling lots on opposite sides of a strip of ground suitable for a street or highway, and standing by and seeing it used by the public as such; or standing by and permitting such user, for a time, and under circumstances, evidencing a dedication. See Ind. Dig. 392; Ang. on Highways, § 143, *et seq.*

4. By showing a taking, by lawful authority, for public use.

In the case at bar, no plat, or record thereof, was given in evidence; and there was no evidence of any other act of dedication, or appropriation by authority, or of user by the public, to show the existence of a public street at the place where it was alleged to have been obstructed.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for new trial.

*C. C. Nave* and *J. Witherow*, for appellant.