## PITTSBURGH, CINCINNATI, CHICAGO, AND ST. LOUIS RAILWAY COMPANY v. NOFTSGER.

[No. 3,746.   Filed May 7, 1901.]

LAW OF CASE. —*Pleading.*— *Amendment.* — Where a complaint is amended in such manner as not materially to change the character of the pleading, the ruling on the former appeal that the complaint was sufficient remains the law of the case.   *p. 615.*

RAILROADS.—*Damages to Adjoining Property Owner.*—*Instructions.*— In an action against a railroad company for damages arising from the construction of a switch track over a strip of ground dedicated as a part of a public highway adjoining plaintiff's premises an instruction that the measure of damages was the depreciation in value of the real estate by reason of the means of access thereto being impaired or interfered with by the construction and maintenance of the railroad is not objectionable in not confining the damages allowed to the time of bringing the action. *pp. 616, 617.*

DEDICATION.— *Intent.*— *Highways.*—The intention of the owner to dedicate his land to public use may be implied from his acts, declarations and conduct. *pp. 617, 618.*

SAME.—*Estoppel.*—A landowner may by his acts estop himself from denying that there has been a dedication of his lands to the public. *p. 618.*

From the Madison Circuit Court.   *Affirmed.*

*E. B. Goodykoontz, D. M. Ballard, C. M. Greenlee, B. R. Call, E. B. McMahan, J. A. Van Osdol* and *J. L. Rupe,* for appellant.

*Perry Behyler,* for appellee.

ROBINSON, J.—Appellee sues to recover damages for the construction of a switch track by appellant over a strip of ground adjoining appellee's premises, and which it is claimed is a public highway. Complaint in two paragraphs, which are substantially the same. Upon issues formed a trial by jury resulted in a verdict for appellee. The sufficiency of the complaint and denial of a new trial are questioned.

Upon the former appeal (*Pittsburgh, etc., R. Co.* v. *Noftsger,* 148 Ind. 101) the judgment was reversed, and a new trial ordered, with leave to file an amended complaint. Upon that appeal, however, the complaint, which was in one paragraph, was held good against a demurrer. An additional paragraph of complaint was filed when the case was certified back, and it seems that the complaint was amended so as to include the west lot and also a correct description of the twenty-five acre tract, as noticed in the opinion on the former appeal. But these amendments did not materially change the character of the pleading, and the ruling on the former appeal, that the complaint was sufficient, remains the law of the case. *City of Logansport* v. *Humphrey,* 106 Ind. 146; *Richmond St. R. Co.* v. *Reed,* 83 Ind. 9.

The complaint avers that the heirs of Job Warner, deceased, owned twenty-five and thirty-seven hundredths acres of land outside the corporate limits of Elwood, and in the northeast corner of section nine. On the north side of this land was a highway thirty feet wide and on the east side was a highway forty feet wide; the highway on the north was an extension of North N street, which was sixty feet wide, and the highway extending east from the eastern terminus of North N street was originally thirty feet wide; the highway on the east was a continuation of Anderson street, which was sixty-six feet wide at the north line of the city, but the highway running north from the corporation line and past this land was forty feet wide. Warner's heirs conveyed to appellee a part of this tract described as follows: "Beginning at a point thirty feet south and thirty-three feet west of the northeast corner of section nine, township twenty-one north of range six east, running thence south 120 feet, thence west 147 feet, thence north 120 feet, thence east 147 feet to the place of beginning; also beginning at a point thirty feet south and 196 feet west of the northeast corner of section nine of said township and range, running thence south 120 feet, thence west 147 feet, thence

north 120 feet, thence east 147 feet to the place of begin-
ning." This conveyance left a strip of land fifteen feet
wide between the north line of the land conveyed to appellee
and the highway, and a strip thirteen feet wide on the east.
Afterwards appellant constructed a switch track running
east and west on the strip fifteen feet wide. It is averred
that these strips of land were to be and were dedicated to
the public by the owner of the land for the purpose of
widening the public highways to the width of the streets,
and that such parcels of land sold to appellee and other
persons were sold with reference to the highways as
widened by the addition of these strips; other facts are
averred showing that the strip fifteen feet wide was dedi-
cated by the owner to the public use and became a part of the
highway before the switch was built.

The court instructed the jury that "If in this cause you
find for the plaintiff, the measure of her damage is the sum
which you may find that her real estate was depreciated in
value by reason of the means of access thereto being im-
paired or interfered with by the construction and mainte-
nance of said railroad." Upon the former appeal it was
said that it was the duty of the jury to assess the damages
upon the theory that the switch was constructed upon the
public highway, and that appellee was not the owner in fee
simple of any part of the highway. See, also, *Indiana, etc.,
R. Co.* v. *Eberle,* 110 Ind. 542, 59 Am. Rep. 225. It is
objected to this instruction that the jury are directed to
assess damages once for all, and are not confined to the dam-
ages allowed to the time of bringing the action. But the
case at bar does not proceed upon the theory that the ob-
struction is unlawful. It is not an action in trespass upon
appellee's lands. It is not left with appellee to say whether
the obstruction will be permanent or shall be discontinued.
*Indiana, etc., R. Co.* v. *Eberle, supra.* The instruction, we
think, means that appellee could recover in this action any
damage to her property because of any cutting off or render-
ing access to or from the street more difficult and incon-

venient, as the court told the jury in effect in another instruction given at appellant's request. The question was not appellee's right of access to her property at one or more points, but her right of access along the entire line of her lot, and in determining her damages it was the interference with this that was to be considered.

The second instruction given at appellee's request reads: "A landowner may dedicate real estate to the public use by acts as well as by express dedication, and if you find from the evidence in this cause that the former owners of the real estate upon which the railroad is located sold real estate upon the representations that said real estate was dedicated as a part of a highway or street, and then and there took down the fences and exposed the same to use by the public as a highway, and invited the public to use the same, and it did use the same as such highway, this would be a dedication of said real estate to the public use, and such owner would have no right to retract said dedication or reclaim said real estate."

It is well settled that the intent of the owner to devote his land to a public use is an essential element of dedication, and that there can be no valid dedication without it. But this intention may be implied from the declarations, acts or conduct of the landowner. Upon the former appeal the court said: "When the declaration, acts, and conduct of the landowner are such as fairly and naturally lead to the conclusion that he intended to dedicate the land to public use, and others have in good faith acted upon his open acts and declaration, the fact that the landowner may have entertained a different intention from that manifested by his acts and declarations is of no consequence; such secret intentions can not prevail against the force of his conduct and acts, upon which the public or those dealing with him have relied." *Pittsburgh, etc., R. Co. v. Noftsger, supra.* There is evidence in the record to which the above instruction is applicable.

The third instruction does not purport to state what

would constitute a complete dedication, but that a landowner may by his acts estop himself from denying that there has been a dedication so far as he is concerned. *City of Indianapolis* v. *Kingsbury,* 101 Ind. 200, 51 Am. Rep. 749. In *Morgan* v. *Railroad Co.,* 96 U. S. 716, 24 L. Ed. 743, the court, in speaking of implied dedications, said, "All that is required is the assent of the owner, and the use of the premises for the purposes intended by the appropriation. The law considers the owner's acts and declarations as in the nature of an estoppel *in pais* and precludes him from revoking the dedication." *Gwynn* v. *Homan,* 15 Ind. 201; *City of Columbus* v. *Dahn,* 36 Ind. 330; *Faust* v. *City of Huntington,* 91 Ind. 493.

The fifth instruction, given at appellee's request, told the jury that if appellee's grantors dedicated the real estate to the use of the public as a part of a street or highway, the conveyance of the real estate afterwards to appellant would convey no interest as against the right of the public to use the same as a highway. Complaint is made of this instruction that it omits the element of acceptance by the public. But in the instruction immediately preceding, and in other instructions, the necessity of acceptance by the public was made plain. The instruction is incomplete, but when taken with all the other instructions we can not say it was misleading.

It is not necessary that there should have been a complete dedication at the time of the transfer to appellee, but if there was a dedication and acceptance at or about that time, and before the conveyance to appellant it would be effective.

It is also argued that the verdict is not sustained by sufficient evidence, and is contrary to the law and the evidence. We can not disturb the verdict without weighing the evidence. There is evidence in the record to support the verdict. From the whole record it appears that the jury was fully instructed upon the main questions in the case, and that the cause was fairly tried upon its merits.

Judgment affirmed.