# GILLESPIE v. DULING.

[No. 6,373.   Filed February 5, 1908.]

1. HIGHWAYS.—*Establishment.*—*User.*—A way used for public travel for twenty years, becomes a public highway by user.   p. 220.

2. SAME.—*Establishment.*—*Dedication.*—*Presumptions.*—The dedication, for highway purposes, of a way used by the public for a considerable while, though less than twenty years, will be presumed, where the owner knew of such use, made no objections thereto, and the other circumstances are consistent with an intention to dedicate.   p. 220.

3. SAME. — *Dedication.* — *Prescription.*—*Statutes.*—Though at the common law the public could not gain a public highway easement by prescription—continued user being mere evidence of a dedication—still, under §7663 Burns 1908, Acts 1905, p. 521, §15, twenty years' use of a way, by the public, establishes it as a public highway.   p. 220.

4. SAME.—*Dedication.*—*Presumptions.*—Where the public highway touching plaintiff's property has been legally vacated, leaving as his only way out a road over a neighbor's land, used many years, the presumption is strong that such way is public.   p. 221.

5. SAME.—*Open at One End.*—That a way is open at only one end does not prevent its being a public highway, the use by the public—those who have occasion to use the road—being the test.   p. 221.

6. SAME.—*Dedication.*—*Deviations.*—That the course of a road has deviated to avoid trees and other obstructions does not defeat its dedication or use as a public highway, where the line of way remains substantially unchanged.   p. 221.

7. APPEAL.—*Weighing Evidence.*—*Highways.*—*Dedication.*—Where the evidence shows the dedication of a public highway but is in some conflict as to whether a prescriptive right has been obtained, a judgment against the establishment of such highway will be reversed, as unsupported.   p. 221.

8. HIGHWAYS.—*Dedication.*—*Elements.*—The elements of a dedication of a public highway are (1) an intention by the owner to dedicate, and (2) an acceptance by the public.   p. 222.

9. SAME.—*Dedication.*—*Intention.*--*How Determined.*—*Evidence.*— The intention to dedicate is shown by the actions and conduct of the owner of the land, and not by his secret thoughts.   p. 222.

10. SAME.—*Dedication.*—*Acceptance.*—*How Shown.*—The acceptance of a way intended by the owner as a public highway may be express or implied—user by consent being sufficient—the improvement thereof by the public not being necessary.   p. 223.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Suit by James M. Gillespie against John M. Duling. From a judgment for defendant, plaintiff appeals. *Reversed.*

*G.·A. Henry* and *P. H. Elliott,* for appellant.
*Joseph L. Custer* and *Orlo L. Cline,* for appellee.

ROBY, C. J.—Suit by appellant to enjoin appellee from fencing up an alleged roadway. A demurrer to the complaint was overruled, and an answer in general denial filed. The case was tried by the court, a finding made for appellee, and judgment rendered against the appellant for costs. The facts established by the evidence are substantially as shown by the map and the following paragraph:

Appellant and appellee are adjoining landowners in Grant county. A public road, known as the "Muncie pike" (A-B), runs diagonally through appellee's land, to which appellant has no lawful means of ingress or egress other than the roadway which he now seeks to prevent being closed and fenced up (C-D). Many years prior to the institution of this suit a public highway ran from the Muncie pike along the north line of plaintiff's farm and thence to the southwest (G-D-F-E). The old road was several years ago legally vacated: Since that time appellant has used both

the roadway in question (C-D) and a private right of way (D-G) over the contiguous land east of his farm, by license of its owner (Garrison), in coming and going to and from his property. The roadway, the continued use of which appellant seeks, was stated by a witness seventy-five years of age to have been traveled by wagons and buggies "ever since I was a boy." Many other witnesses testified that the road had existed thirty or forty years, or longer. The only testimony which can be regarded as conflicting with this was that of William M. Duling, father of appellee, and former owner of the land, who said: "I don't think when I bought that land seventeen years ago any wagon road was there. I think, just a path that you could go across." He further testified as follows: "Then old Mr. Furnish had land right south of John's forty, and he cut that road through there for convenience for him to go to the Muncie gravel road"—and also that the road had been cut "only a short time, probably a few weeks," before he discovered it; that he was frequently on his farm during that time; also that he never gave any one any authority to cross it and never prevented any one from crossing it. The road runs through an open woodland, and has never been graded. Deviations have been made in the traveled track to avoid trees and mud, but the general travel has always been confined to a strip not wider than three rods, according to the testimony of the appellee, and a somewhat narrower space, according to some other testimony. Its termini have remained unchanged. It was a near cut to Fairmount for people who formerly traveled the old road, since vacated.

For reversal the single assignment of error is that the court erred in overruling appellant's motion for a new trial. This motion is predicated on the grounds that the decision of the court was not sustained by sufficient evidence, and was contrary to law.

The facts just stated show a right to a public roadway.

A highway may be established by user, and the use of

land for such purpose for twenty years is a complete bar to the right to dispute such use. §7663 Burns 1908,

1. Acts 1905, p. 521, §15; *Louisville, etc., R. Co.* v. *Etzler* (1892), 3 Ind. App. 562, 565; *Blumenthal* v. *State* (1899), 21 Ind. App. 665; *City of Ft. Wayne* v. *Combs* (1886), 107 Ind. 75, 79; *Strong* v. *Makeever* (1885), 102 Ind. 578; *Debolt* v. *Carter* (1869), 31 Ind. 355; *Hart* v. *Trustees, etc.* (1860), 15 Ind. 226; *Epler* v. *Niman* (1854), 5 Ind. 459; Elliott, Roads and Sts. (2d ed.), §175.

A dedication of a highway may be presumed from continued use of land for such purpose by the public, with the knowledge of the person owning the same, and with-

2. out objection on his part, although such use has not continued twenty years, if it has continued a considerable length of time, and the circumstances otherwise are consistent with an intention to dedicate. *Campbell* v. *O'Brien* (1881), 75 Ind. 222; *City of Evansville* v. *Evans* (1871), 37 Ind. 229; *Holcraft* v. *King* (1865), 25 Ind. 352; *State* v. *Hill* (1858), 10 Ind. 219; *Hays* v. *State* (1856), 8 Ind. 425; *Phipps* v. *State* (1845), 7 Blackf. 512; Elliott, Roads and Sts. (2d ed.), §161.

These two propositions express the law as it now exists in this State. Strictly speaking, the common law permits individuals to gain easements only by prescription,

3. and the public to gain them only by dedication. It does not provide for the gaining of easements by the public by prescription, continued user being evidence merely of a dedication. But the statute cited (§7663, *supra*) establishes highways by twenty years' user, regardless of other evidences of dedication. Considerable confusion has resulted in the reports from this double power of the public; but the cases before cited, together with the following, establish the power of the public to acquire easements under both methods, though inaccurate and incorrect statements are made in several of them. *McClaskey* v. *McDaniel* (1906), 37 Ind. App. 59; *Pittsburgh, etc., R. Co.* v. *Town of Crown*

*Point* (1898), 150 Ind. 536; *Town of Marion* v. *Skillman* (1891), 127 Ind. 130, 11 L. R. A. 55; *Ross* v. *Thompson* (1881), 78 Ind. 90; *Mauck* v. *State* (1879), 66 Ind. 177; *Summers* v. *State* (1875), 51 Ind. 201.

As was said in *Small* v. *Binford* (1908), *post*, 440, it is not the policy of the law to cut off the ingress and egress of landowners to and from their property. After the vacation of the old road, which gave Gillespie an outlet, the presumption is in favor of, rather than against, the way in question being a road.

The fact that this way is not open at both ends, and furnishes ingress to and egress from the land of but one property owner, does not prevent its being a public highway. *Moore* v. *Auge* (1890), 125 Ind. 562; *Adams* v. *Harrington* (1888), 114 Ind. 66; *Washington Ice Co.* v. *Lay* (1885), 103 Ind. 48. The road is open to public use, and the word public in this connection means "all those who have occasion to use" the road. *Village of Grandville* v. *Jenison* (1890), 84 Mich. 54, 47 N. W. 600. The law does not fix the number of persons who must travel upon a road to determine its existence. *Small* v. *Binford, supra; Louisville, etc., R. Co.* v. *Etzler, supra.*

The fact that the course of the road deviates from a straight line to avoid trees and mud is immaterial. It is sufficient if the line of travel remains substantially unchanged. *Small* v. *Binford, supra; Ross* v. *Thompson, supra.*

Appellee contends that the plaintiff's complaint "proceeds upon the theory of twenty years' adverse user by the public, and upon that theory appellant must recover, if at all." The complaint, however, also states facts which show a dedication by user, and the case cited by appellee is therefore not applicable. It is a well-settled rule that this court will not weigh the evidence in a cause, and a judgment "will be disturbed only when the evidence upon the controlling issue is * * * of such a clear and

conclusive character as to enable and to warrant this court to say, as a matter of law, that such decision is erroneous.'' *Hudelson* v. *Hudelson* (1905), 164 Ind. 694, 697. The evidence of all the witnesses, save one, in the present case tends to show a user of the road in question for over twenty years, the period to establish a road by prescription. The evidence of that witness, as before set out, does not necessarily controvert such fact. But it is unnecessary to determine whether the decision below was .erroneous as to the sufficiency of the evidence sustaining the finding that no prescriptive right to a highway was established, for the reason that a dedication is shown by uncontradicted evidence.

Essential elements of this dedication are an intention to dedicate and an acceptance of such dedication by the public. Without such intention it is impossible that there should be a valid dedication. *Lightcap* v. *Town of North Judson* (1900), 154 Ind. 43; *Shellhouse* v. *State* (1887), 110 Ind. 509, 513; *Tucker* v. *Conrad* (1885), 103 Ind. 349; *Bidinger* v. *Bishop* (1881), 76 Ind. 244; *Mansur* v. *State* (1878), 60 Ind. 357; *Gwynn* v. *Homan* (1860), 15 Ind. 201; *President, etc.,* v. *City of Indianapolis* (1859), 12 Ind. 620.

''But the intention to which the courts give heed is not an intention hidden in the mind of the landowner, but an intention manifested by his acts. It is the intention which finds expression in conduct, and not that which is secreted in the heart of the owner, that the law regards.'' *City of Indianapolis* v. *Kingsbury* (1885), 101 Ind. 200, 213, 51 Am. Rep. 749. Language to the same effect was used in *Carr* v. *Kolb* (1884), 99 Ind. 53; *Faust* v. *City of Huntington* (1883), 91 Ind. 493; *McClaskey* v. *McDaniel* (1906), 37 Ind. App. 59, 71; *Pittsburgh, etc., R. Co.* v. *Noftsger* (1901), 26 Ind. App. 614; *Cromer* v. *State* (1899), 21 Ind. App. 502. In *McClaskey* v. *McDaniel, supra,* it was said: ''It is not always necessary to a dedication that the intent should actually exist in the mind of the

landowner, who in this matter, as in others generally, must be presumed to have intended what his conduct indicates.''

The acceptance by the public may be express or implied. Public use for a long time, with the consent of the landowner, is sufficient acceptance; and the fact that the road has not been worked by public authorities does not prevent the acceptance. *McClaskey* v. *McDaniel, supra; Green* v. *Elliott* (1882), 86 Ind. 53; *Summers* v. *State* (1875), 51 Ind. 201; *Strunk* v. *Prichett* (1901), 27 Ind. App. 582.

The court erred in overruling appellant's motion for a new trial. The judgment is reversed, and the cause remanded, with instructions to sustain appellant's motion for a new trial, and for further consistent proceedings.