## Town of Poseyville v. Gatewood.

[No. 9,591. Filed December 14, 1916. Rehearing denied March 27, 1917. Transfer denied June 20, 1917.]

1. · DEDICATION.— *Implied Dedication.— Requisites.— Intent.*—An implied dedication of land is one arising by law, from the acts of the owner, and the intention to dedicate, which is the foundation and vital element of every dedication, must clearly appear before a dedication can be implied. p. 52.

2. DEDICATION.—*Implied Dedication.—When Intent Inforced.*—Where the acts and conduct of a landowner are such as fairly and naturally lead to the conclusion that he intended to dedicate the land to the public use, and others have in good faith acted upon his open acts and conduct, he will not be permitted to aver that there was no dedication, but the law will conclusively infer that he intended what his acts and conduct indicated, regardless of any secret intent. p. 52.

3. DEDICATION.—*Implied Dedication. — Intent. — Evidence.*—The extent and character of the use of land is not in itself sufficient to show an intention to dedicate, nor is the time during which the user has been permitted, or mere nonaction, or acquiescence, or nonassertion of the title, sufficient, but such facts and any other circumstances bearing on that subject have probative force in determining whether there was in fact an intention to dedicate. p. 53.

4. APPEAL.—*Findings.—Conclusiveness.*—In an action for an injunction to restrain the obstruction of a drain across land claimed to have been impliedly dedicated to public use, whether the owner or his grantors intended to dedicate the way to the public was a question of fact which the trial court was to determine from the legitimate inferences to be drawn from all the evidence in the case, and the court's finding on such question is conclusive. p. 54.

From Posey Circuit Court; *Herdis F. Clements,* Judge.

Action by the town of Poseyville against Stephen Gatewood. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*James Kilroy, Lucius C. Embree* and *Morton C. Embree,* for appellant.

*Jesse Wade* and *F. P. Leonard,* for appellee.

IBACH, J.—This is a suit for injunction and involves the right of appellant to maintain an open ditch or drain across a city lot, the property of appellee. There was a trial by the court, and a general finding and judgment for appellee. Appellant's motion for a new trial was overruled and such ruling is assigned as error and relied on for reversal. The grounds of the motion not waived relate to the sufficiency of the evidence.

The cause was submitted to the trial court upon three issues of fact, two of which appellant, in effect, admits it was unable to establish by the evidence. The remaining issue is that of dedication. The facts disclosed by the evidence on this branch of the case are in brief as follows: Appellant is an incorporated town. The lot in question is located in the town and was purchased by appellee about two years prior to the obstruction of the drain upon which this suit is predicated. Several years prior to such purchase appellant caused to be constructed a drain—the dimensions of which are not disclosed by the evidence—across the lot near the center. The lot is about 200 feet long. Since its original construction appellant has enlarged the drain until it was five feet deep and eight feet wide where it passed through appellee's lot. From time to time the drain was cleaned out by the employes of appellant. All of these acts were done with the knowledge and, so far as the record shows, without objection on the part of appellee's grantors, the then owners of the land. Since the construction of the drain other public and private drains have been connected with it and it has been used ever since its original construction to drain a considerable portion of the town. The obstruction placed by appellee causes the water to back up in the sewer and on the property of private owners above the obstruction. Appellee purchased the lot with knowledge of the drain and its surroundings.

Appellant contends that the foregoing facts are uncontradicted, and that the use by the public of the drain with the knowledge and acquiescence of appellee and his immediate and remote grantors for a period of almost twenty years, with knowledge of the character and extent of such use and without objection, conclusively established an implied dedication. We therefore proceed to consider whether or not the evidence in this case forces a conclusion different from that reached by the trial court.

An implied dedication is one arising by operation of law from the acts of the owner. The intention of the owner to set apart his lands for the use of the 1. public is the foundation and vital element of every dedication. This intention will govern in determining whether or not a dedication exists, in so far as the owner of the soil is concerned. The intention must clearly appear, and the acts and declarations of the owner relied on to establish it must be clear, convincing, and unequivocal. As was said in the case of *San Francisco* v. *Grote* (1898), 120 Cal. 59, 62, 52 Pac. 128, 41 L. R. A. 335, 65 Am. St. 155: "It is not a trivial thing to take another's land (without compensation), and for this reason the courts will not lightly declare a dedication to public use. It is elementary law that an intention to dedicate upon the part of the owner must be plainly manifest."

But the intent which the law regards is that which the open acts of the owner indicate and not a secret intent. Where the acts and conduct of the land- 2. owner are such as fairly and naturally lead to the conclusion that he intended to dedicate the land to the public use, and others have in good faith acted upon his open acts and conduct, he will not be permitted to aver that there was no dedication, but the law will conclusively infer that he intended what his

acts and conduct indicated. *City of Indianapolis* v. *Kingsbury* (1885), 101 Ind. 200, 213, 51 Am. Rep. 749; *City of Columbus* v. *Dahn* (1871), 36 Ind. 330, 337; *Town of Marion* v. *Skillman* (1891), 127 Ind. 130, 26 N. E. 676, 11 L. R. A. 55; *Faust* v. *City of Huntington* (1883), 91 Ind. 493, 494; *Cleveland, etc., R. Co.* v. *Christie* (1912), 178 Ind. 691, 697, 100 N. E. 299, and cases cited; *Cooper* v. *Monterey Co.* (1894), 104 Cal. 437, 38 Pac. 106; *Hartley* v. *Vermillion* (1902), (Cal.) 70 Pac. 273; *Bloomington* v. *Bloomington Cemetery Assn.* (1888), 126 Ill. 221, 227, 228, 18 N. E. 298; *McKey* v. *Hyde Park* (1889), 134 U. S. 84, 10 Sup. Ct. 512, 33 L. Ed. 860; *Board, etc.* v. *Huff* (1883), 91 Ind. 333, 343, 344; 13 Cyc 477. It must be concluded from these authorities that where the facts of a case fail to show an intent to dedicate some right to the public, the public will acquire no right by user for less than the statutory period.

The courts have repeatedly disclosed that extent and character of the use is not sufficient in itself to show an intention to dedicate; neither is the period of time during which the user has been permitted of itself sufficient nor is mere nonaction or acquiescence or nonassertion of title sufficient, but such facts and any other circumstances bearing on that subject have probative force in determining whether or not there was in fact such intention. *Shellhouse* v. *State* (1887), 110 Ind. 509, 11 N. E. 484; *McKey* v. *Hyde Park, supra;* Washburn, Easements and Servitudes (4th ed.) 212; *Faust* v. *City of Huntington, supra; Mauck* v. *State* (1879), 66 Ind. 177, 183. Mere evidentiary facts of themselves do not constitute dedication. *Shellhouse* v. *State, supra; Mauck* v. *State, supra.*

Applying these principles to the facts and circumstances shown by the record, it seems that the most that

can be said of appellee's conduct and that of his immediate and remote grantors is that they show nonassertion of a right, a mere acquiescence on their part in the use by the public of the drain for a number of years without objection. At any rate, whether or not appellee or his grantors intended to dedicate the way to the public was a question of fact which the court was to determine from the legitimate inference to be drawn from all the evidence in the case. Since the trial court has found that an intention to dedicate the land in suit to a public use was not satisfactorily established, we are not at liberty to dispute its conclusion.

We have held that the judgment of the lower court must be sustained upon the issue of dedication; and, as the pleadings do not present the question whether appellee, as grantee "of his predecessors' title" to the land, was estopped from interfering with the use of the drain by appellant, we are not called upon to discuss it. Judgment affirmed.

NOTE.—Reported in 114 N. E. 483. Dedication: by implication, intent, 13 Cyc 454, 52 Am. Dec. 479.