GIBSON ET AL. *v.* OCKER, ETC. ET AL.

[No. 20,142. Filed March 4, 1966.]

*John R. Walsh* and *Richard E. Kreegar*, of Anderson, for appellants.

*James R. White, Paul R. Benson* and *Lawrence D. Renfro*, of New Castle, and *Tyler, Davis & Rice* of counsel, of Indianapolis, for appellees.

PRIME, C. J.—In 1943 the appellant, Eldred Gibson, was the owner of several lots in the City of New Castle, Indiana, located in what is known as the Scott Addition. The plat of the Scott Addition showed an alley running between Lots No. 7 and No. 8 and other lots in the plat. In 1944, Gibson submitted a change in the plat to the City Council of New Castle which changed the alley by taking a triangular strip out of the northwest corner of the alley entrance and adding a corresponding strip to the southwest corner of the alley entrance by crossing the northwest corner of Lot No. 8. The facts indicate that the strip or corner of Lot No. 8 was used thereafter as part of the alley. Gibson subsequently sold Lot No. 8 to one Lawson and wife, who are appellants. Controversy arose concerning the strip of land on Lot No. 8. The appellants herein parked their cars on the portion of land on Lot 8 blocking the alley and they were towed away by city officials. The appellants then brought this action in replevin and damages for wrongful taking of certain automobiles belonging to them. A second action in injunction was instituted, seeking to restrain the defendants from interfering with the use of the

land in question, by the appellants. The causes of action were consolidated and heard by the court and judgment rendered against the plaintiff.

The judgment was as follows:

"All parties having heretofore filed briefs herein and the Court now being duly advised. The Court now finds and adjudges for the defendants and against the plaintiffs and finds and adjudges that plaintiffs shall pay the costs of this action taxed at $———."

Motion for a new trial was overruled, which is the only assignment of error.

The specifications of the motion were as follows:

1. The decision of the court is not sustained by sufficient evidence.
2. The decision of the court is contrary to law.
3. Errors of law occurring at the trial wherein the court sustained defendant's objections to certain questions propounded by the plaintiffs.
4. The court failed to dispose of all the issues raised by the pleadings filed.

However, the appellants in their brief expressly waive specifications one and four.

It should be pointed out that the change in plat which was filed by plaintiff Gibson was recorded, but due to technical inadequacies was not a completely valid statutory dedication.

The appellants agree, as do the appellees, that the issue of this appeal is whether or not the appellant Gibson dedicated as a public alley the parcel of land on Lot No. 8 in the City of New Castle, Indiana.

Appellants contend there was no such dedication and the appellees take the position that there was an implied or common law dedication as shown by various acts and representations of Gibson, both before and after the recording of his plat, which added the said strip of land from Lot No. 8 to the existing public alley.

The court held that a common law dedication had been made.

The appellants further contend that the evidence fails to show an implied dedication or that there was an acceptance by the public of the dedication.

"A defective statutory dedication may operate as a common-law dedication, and a valid common-law dedication will prevail over an invalid statutory dedication." I. L. E., Vol. 10, *Dedication,* § 1, p. 85; *Waltman* v. *Rund* (1887), 109 Ind. 366, 10 N. E. 117.

There are two essential elements of a common law dedication (1) the intent of the owner to dedicate and (2) the acceptance by the public of the dedication. *Gillespie* v. *Duling* (1907), 41 Ind. App. 217, 83 N. E. 728.

"The intention to which the courts give heed is not an intention hidden in the mind of the landowner, but an intention manifested by his acts." *Gillespie* v. *Duling, supra,* p. 222; *City of Indianapolis* v. *Kingsbury* (1885), 101 Ind. 200; *Carr* v. *Kolb* (1884), 99 Ind. 53; *Pittsburgh, etc.* v. *Noftsger* (1901), 26 Ind. App. 614, 60 N. E. 372.

The acceptance by the public may be express or implied. Public use for a long time is sufficient acceptance and the fact that the road has not been worked by public authorities does not prevent its acceptance. *McClaskey* v. *McDaniel* (1906), 37 Ind. App. 59, 71, 74 N. E. 1023; *Green* v. *Elliott* (1882), 86 Ind. 53.

There must be a clear intention on the part of a dedicator of a public street to constitute a dedication. *City of Hammond* v. *Standard Oil Co.* (1922), 79 Ind. App. 356, 138 N. E. 769; *Walmer* v. *Town of Bremen* (1934), 99 Ind. App. 186, 191 N. E. 175.

The dedication of the street having been accepted by the town, it could proceed with the use thereof as public conven-

ience required. *Hall* v. *Breyfogle* (1904), 162 Ind. 494, 70 N. E. 883; *McCarty* v. *Frankfort* (1920), 74 Ind. App. 551, 129 N. E. 334.

The appellants urge that the evidence is not sufficient to prove dedication as set out in the cases cited and that the judgment of the court was contrary to law. As we read the briefs and study the evidence, we find that there was much conflict as to the intent of the landowner and the acceptance by the city. This very conflict in evidence is the reason this court cannot presume to change the decision and judgment of the trial court. From our vantage point we cannot see or hear the witnesses. We cannot observe the demeanor of them or attempt to give weight to either side of the conflict. This is the task of the trier of the facts. We must simply say once again that it is only where the testimony and evidence is all one way and not in dispute, and the court has rendered a judgment that a fair mind and a fair man would not render, that we will say such a judgment is contrary to law. This is a keystone of our law and has been reiterated in many opinions of this court. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669.

The principal contention of the appellants in respect to specification four of the motion for a new trial is that the court committed error in refusing to allow Gibson to testify concerning what his "true intentions" were in changing the plat of the alley.

The question of intent has been discussed many times by our courts as well as those of other states.

"An implied dedication is one arising by operation of law from the acts of the owner. The intention of the owner to set apart his lands for the use of the public is the foundation and vital element of every dedication. . . . The intention must clearly appear, and the acts and declarations of the owner relied on to establish it must be clear, convincing and unequivocal." *Town of Poseyville* v. *Gatewood* (1917), 65 Ind. App. 50, 52, 114 N. E. 483.

"But the intent which the law regards is that which the

open acts of the owner indicate and not a secret intent. Where the acts and conduct of the landowner are such as fairly and naturally lead to the conclusion that he intended to dedicate the land to the public use, . . . , he will not be permitted to aver that there was no dedication, . . ." *Town of Poseyville* v. *Gatewood, supra*, p. 52 and cases cited.

"We think that the question, whether a person intends to make a dedication of ground . . . must be determined from his acts and statements . . . and not from what he may subsequently testify as to his real intent in relation to the matter . . . and where the rights of the public or third parties are concerned, they have a right to act upon such presumption." *City of Columbus* v. *Dahn* (1871), 36 Ind. 330, 337.

" 'When the declaration, acts and conduct of the landowner are such as fairly and naturally lead to the conclusion that he intended to dedicate the land to public uses, and others in good faith acted upon his open acts and declaration, the fact that the landowner may have entertained a different intention from that manifested by his acts and declarations is of no consequence; such secret intentions cannot prevail against the force of his conduct and acts, upon which the public or those dealing with him have relied.' " *Pittsburgh* v. *Noftsger, supra,* pg. 617.

The trial court having considered all the evidence and testimony and having reconciled the conflicts, as is the duty of a trial court, and submitted a judgment thereon, we cannot disturb the same.

Judgment affirmed.

Carson and Wickens, JJ., concur. Faulconer, J., concurs in result.

NOTE.—Reported in 214 N. E. 2d 395.