HOWARD E. COOK, BARBARA JEAN COOK, CHARLES
FREIG *v.* ROSEBANK DEVELOPMENT CORP., BETTY COUCH

[No. 1-1077A255. Filed June 15, 1978.]

*Edwin W. Johnson, John L. Carroll, Johnson, Carroll & Griffith,* of Evansville, for appellants.

*Henry C. Hudson, McClellan, Hawley & Hudson,* of Mt. Vernon, for appellees.

ROBERTSON, J.—This is a suit for injunction brought by Rosebank Development Corp. and Betty Couch (herein to be collectively referred to as Rosebank) against Howard E. Cook, his wife Barbara Jean Cook, and Charles Freig (herein to be collectively referred to as Cooks) to prevent the Cooks from obstructing a strip of land known and herein referred to as South Road thereby preventing Rosebank from using the strip as a public way and to compel Cook to remove obstructions placed on the strip. Rosebank's complaint alleged that South Road was a public way and that its use was necessary for the full use and enjoyment of Rosebank's property. Cook answered the complaint and brought a counterclaim to quiet title in the disputed area based on a theory of adverse possession. The following findings of fact and conclusions of law were made by the trial court, omitting the caption, date and formal parts:

1.    The defendants, Howard E. Cook and Barbara Jean Cook, as husband and wife, are the owners of the real estate described more particularly in Paragraph 1 of plaintiffs' complaint which real estate is bounded on the west by Indiana Highway 69 and on the north by a strip of land known as South Road.

2.    The defendant, Charles Freig, resides on the real estate owned by the defendants, Howard E. Cook and Barbara Jean Cook.

3.    Plaintiff, Betty Couch, is the owner of a tract of land which is more particularly described in Paragraph 3 of plaintiffs' complaint and which is bounded on the west by Indiana Highway 69 and on the south by the strip of land known as South Road.

4.    The plaintiff, Rosebank Development Corporation, is the owner of real estate adjoining South Road, more particulary described in Exhibit A of plaintiff's complaint.

5.    For some time prior to 1835 Robert Dale Owen was the owner of 1,500 acres of land which included the real estate now owned by the plaintiffs and defendants and South Road in addition to other lands.

6. The record title to a strip of land 2½ rods in width and lying between the land owned on the south by defendants, Howard E. Cook and Barbara J. Cook, and on the north by plaintiff, Betty Couch, and plaintiff, Rosebank, and extending east from State Highway 69 a distance of 738.11 feet is vested in the heirs at law of Robert Dale Owen. That strip of land has been known as South Road, Lichtenberger Lane and Gilly's Lane.

7. Between 1835 and 1855 Robert Dale Owen prepared and/or wrote on certain maps designating the area which included the property now owned by the parties to this action and showing a public road located where South Road is located.

8. Robert Dale Owen intended to make and dedicate South Road as public road.

9. In 1835 Robert Dale Owen conveyed to Kilian Lichtenberger the land now owned by Howard E. Cook and Barbara Jean Cook describing that land as: "Beginning at the southeast corner of the intersection of the Mount Vernon and South Roads. . ." and "running thence east with the above mentioned South Road 43 rods. . ."

10. In 1853 Robert Dale Owen conveyed the tract now owned by the plaintiff, Couch, describing the land as: "beginning at a point on the East line of the Plank Road leading from New Harmony to Mt. Vernon which point is 2½ rods North of the Northwest corner of a tract of land sold to Kilian Lichtenberger. . .".

11. In 1916 Walter R. D. Owen and Margaret D. Clarke, the children of Julian Dale Owen, who was the son of Robert Dale Owen, conveyed the property now owned by the plaintiff, Rosebank, describing part of the boundary of that property as follows: "thence south thirty-one (31) rods to north line of the South Road: thence east sixteen (16) rods; thence south two and one-half rods to the northeast corner of land formerly owned by Gilin Lichtenberger:".

12. Members of the public who had occasion to do so used South Road for travel to or from the road now known as State Highway 69 and various businesses, fields, houses, and other places for more than twenty years.

13. The owners of real estate adjoining South Road used that road for more than twenty years as a route between a road that is now Indiana Highway 69 and parts of their property and businesses and activities conducted thereon.

14. The defendants have no right to block or obstruct South Road with fences or any other means, to prevent plaintiffs from using South Road or to interfere with plaintiffs' use of South Road as a public way.

15. The defendants have obstructed South Road, have interfered with plaintiffs' use of the road to the point of preventing plaintiffs from using the road and the defendants will continue to obstruct the road and interfere with plaintiffs' use thereof unless enjoined from so doing.

The Court's conclusions of law are as follows:

1. The law is with the plaintiffs and against the defendants.

2. None of the defendants have title to South Road.

3. None of the defendants have an easement in or right to use South Road other than the rights held as members of the public and adjoining landowners in a public road.

4. Robert Dale Owen dedicated the strip of land known as South Road as a public road and the public accepted that dedication by using the strip as a road.

5. None of the defendants have standing or right in the law to interfere with or prevent use as a public way of South Road which is 2½ rods wide, 738.11 feet long and which forms the defendants, Cooks', north boundary line.

6. South Road is 2½ rods wide and runs from State Highway 69 easterly a distance of 783.11 feet and is bounded on the south by real estate now owned by the defendants, Howard E. Cook and Barbara Jean Cook, and on the north by real estate owned by the plaintiffs, Betty Couch and Rosebank Development Corp., and is a public road.

7. The defendants should be enjoined from interfering with use of South Road as a public road.

The trial court then entered the following judgment (omitting caption, date, and formal parts):

"The court having heard the evidence and examined exhibits offered by the parties, having viewed the premises, having examined briefs submitted by the parties and having taken the matter under advisement has on May 17, 1977, made Special Findings of

Fact and Conclusions of Law which are made a part of this Judgment as if entered herein.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the area described as South Road in the Special Findings of Fact and Conclusions of Law is a public road; the defendants and each of them are perpetually enjoined from interfering with the use of South Road as a public road; the defendants are ordered to remove within twenty days any fence or other obstacles they have caused to be placed in South Road and that defendants pay the cost of this action."

Following the denial of their timely Motion to Correct Errors, the Cooks bring this appeal based upon the sole issue of whether the trial court's judgment that the strip of land known as South Road is a public road is contrary to law.

In determining whether a judgment is supported by sufficient evidence, this court neither weighs the evidence nor resolves questions of credibility of witnesses. Rather, this court views only the evidence most favorable to the appellee, together with all logical inferences flowing therefrom. *Rieth-Riley Construction Co., Inc. v. McCarrell* (1975), 163 Ind.App. 613, 325 N.E.2d 844; *Utica Mutual Insurance Co. v. Ueding* (1977), 175 Ind.App. 60, 370 N.E.2d 373. In addition, it is only where the evidence leads to but one conclusion, and the trial court has reached an opposite conclusion that its decision will be disturbed as being contrary to law. *Chaney v. Tingley* (1977), 174 Ind.App. 191, 366 N.E.2d 707; *Utica Mutual Insurance Co. v. Ueding, supra.*

In determining whether a street in a town or city has been dedicated for the use of the public, we look to an old, but still valid decision, *Gwynn v. Homan* (1860), 15 Ind. 201, which sets forth the following:

What is evidence of the existence of a street in a town or city? How may the fact be proved? It may be proved:

1. By a public plat of the town or city, on which the street is laid down, together with user by the public of the designated ground as a street. The mere platting by the proprietor, without a sale of lots and adjoining or user by the public, does not seem to be sufficient. . . . And where it becomes necessary for a party to rely on the fact of a dedication by a plat, to make out the existence of a

street, the plat, or a record of it, is the best evidence of the fact. It is not necessary, in such case, to prove that the town or city is incorporated; for an unincorporated place may have public streets or highways.

2. The fact of a street, or highway, may be proved, by showing a parol dedication to the public, accompanied by user by the public...

3. Such facts may be shown by proof of acts on the part of the owner, such as selling lots on opposite sides of a strip of ground suitable for a street or highway, and standing by and seeing it used by the public as such; or standing by and permitting such user, for a time, and under circumstances, evidencing a dedication. . .

4. By showing a taking, by lawful authority, for public use. (Citations by the Court in *Gwynn* are omitted).

In the more recent case of *Gibson v. Ocker* (1966), 138 Ind.App. 438, 441, 214 N.E.2d 395, 397, the Appellate Court stated:

There are two essential elements of a common-law dedication (1) the intent of the owner to dedicate and (2) the acceptance by the public of the dedication. *Gillespie v. Duling* (1907), 41 Ind.App. 217, 83 N.E. 728.

'The intention to which the courts give heed is not an intention hidden in the mind of the landowner, but an intention manifested by his acts.' *Gillespie v. Duling, supra,* p. 222, 83 N.E. p. 730; *City of Indianapolis v. Kingsbury* (1885), 101 Ind. 200; *Carr v. Kolb* (1884), 99 Ind. 53; *Pittsburgh, etc. v. Noftsger* (1901), 26 Ind.App. 614, 60 N.E. 372.

\* \* \*

There must be a clear intention on the part of a dedicator of a public street to constitute a dedication. *City of Hammond v. Standard Oil Co.* (1922), 79 Ind.App. 356, 138 N.E. 769; *Walmer v. Town of Bremen* (1934), 99 Ind.App. 186, 191 N.E. 175.

The Cooks claim that the original common grantor of the parcels, now owned separately by the parties litigant, never dedicated the 2½ rod strip as a public road, and that if he intended to do so, he never made his intentions public, thus creating no public road.

The evidence before the trial court, when construed in favor of the judgment, shows that the strip of land known as South Road has never

been conveyed by means of deed since it was acquired by Robert Dale Owen, the original common grantor. Maps prepared in 1840, 1850, 1853, which contain Robert Dale Owen's handwriting depict "South Road" at the disputed location in the same manner as other streets are represented. In addition, evidence was offered to show that South Road (which was also known as "Lichtenberger Lane") appeared in planning documents used for street improvements in New Harmony in 1919, and also was contained in improvement plans for Indiana State Highway 69 (also known as Main Street in New Harmony), dated 1974. Numerous witnesses testified to use of the strip as a road until 1957.

Cooks would next assert that even if the intent to dedicate was shown, the law also requires an acceptance of that dedication. Cooks argue that the public authorities never accepted the strip nor did they maintain it as a public road and, further, that the public's use of the road was "sporadic and equivocal," commencing many years after Owen expressed his willingness to dedicate the road. They cite IC 1971, 8-20-1-16 (Burns Code Ed.) for the proposition that every public highway which is platted or laid out and is not opened within six years from the time of its being laid out, ceases to be a public highway. We note at the outset that IC 8-20-1-16 goes on to say that that section does not apply to streets and alleys in any city or town.

In *Wolfe v. The Town of Sullivan* (1892), 133 Ind. 331, 32 N.E. 1017, the Indiana Supreme Court made the following observations:

Marking a street upon the plat of a town or city, or an addition thereto, and selling lots with reference to such marked street, constitutes a dedication of the ground so marked to the use of the public as a street. As to whether a plat contains an express dedication of a strip of ground to the public as a street is a matter of law for the Court.

* * *

... The common law maxim is 'once a highway always a highway.' Highways belong to the public, and are under the control of the sovereign either immediately or through local governmental instrumentalities. The right of the public to the use of the highways is not barred by the statute of limitations. No one can acquire a right to the adverse use of a legally established highway by user,

no matter how long such use may continue, for each day's user is a nuisance punishable by fine.

There can be no such thing as a permanent, rightful private possession of a public street. (Citations of court omitted).

133 Ind. at 333-335, 32 N.E. 1017 at 1018-1019.

The acceptance by the public may be express or implied. Public use for a long time, with the consent of the landowner, is sufficient acceptance, and the fact that the road has not been worked by public authorities does not prevent acceptance. *McClaskey v. McDaniel* (1906), 37 Ind.App. 59, 74 N.E. 1023; *Green v. Elliott* (1882), 86 Ind. 53; *Gillespie v. Duling, supra; Gibson v. Ocker, supra.*

In *Discher v. Klapp* (1954), 124 Ind.App. 563, 117 N.E.2d 753, the court stated:

In this state, use is the sole test as to whether or not a road was established by user after more than twenty years' usage and frequency of use or number of users is unimportant, it being enough if use of the road in question was free and common to all who had occasion to use it as a public highway. (Citations omitted).

It appears that the failure of the original common grantor to convey the strip of land to others while selling lots on either side, his intent to dedicate the same as a public road which was expressed in the maps published thereafter, and the subsequent use of the road by the public over a period of years, establish a dedication of the road. Once established as a public road by dedication and acceptance by the public, the road could be closed as against the public only by official action by the appropriate governmental authority. Such an action to vacate or abandon the roadway is not favored and requires full and substantial compliance with the provisions of the law governing vacation of an existing highway. *McHenry v. Foutty* (1945), 223 Ind. 335, 60 N.E.2d 781. No such action was taken with regard to South Road, and we must therefore sustain the decision of the trial court.

Judgment affirmed.

Lybrook, P.J. and Lowdermilk, J., concur.

NOTE—Reported at 376 N.E.2d 1196.