**NORTH SNOW BAY, INC.,**
**Appellant–Defendant,**

v.

**Robert C. HAMILTON and Margaret**
**J. Hamilton, Appellees–Plaintiffs.**

No. 76A04–9410–CV–404.

Court of Appeals of Indiana.

Nov. 9, 1995.

Charleyne L. Gabriel, John M. Mead, and Gene R. Leeuw, Klineman, Rose and Wolf, P.C., Indianapolis, for Appellant.

Latrealle Wheat, Angola, for Appellees.

## OPINION

CHEZEM, Judge.

### Case Summary

Appellant–Defendant,[1] North Snow Bay, Inc. ("North Snow Bay"), appeals the trial

court's summary judgment order. Appellees–Plaintiffs, Robert and Margaret Hamilton ("Hamiltons"), also appeal the trial court's summary judgment order. We affirm in part and reverse in part.

### Issues

Three issues are presented for review:

I. Whether Hickory Island Road is a public road;

II. Whether North Snow Bay acquired a prescriptive easement across property of the Hamiltons; and

III. Whether North Snow Bay has a claim of right to the easement by deed.

### Facts and Procedural History

Hamiltons are the fee simple owners of a tract of land in Steuben County, Indiana. The parcel is located in Section 22, Township 38 North, Range 13 East. (See attached Appendix). The tract is bounded on the west by the section line between sections 21 and 22, on the north by the half-section line, on the east by State Road # 120. The deed conveying the tract to Hamiltons contained the following reservation:

> The land above described is subject to the right of ingress and egress over a road as now travelled from Indiana State Highway # 120 to Hickory Island Beach as shown in Plat Book Vol. 1, page 165 of Steuben County, Ind.

The easement referred to came into existence on February 4, 1949, when Hamiltons' predecessors in title platted a subdivision called Hickory Island Beach. Hickory Island Beach is to the west of Hamiltons' tract. Hickory Island Beach subdivision was bordered by Snow Lake on the west and the grantors' remaining land on the east. To provide access to the nearest public road, the plat included a grant of easement across grantors' remaining land (which includes the tract now owned by Hamiltons). In granting the easement, the plat stated:

---

1. Defendant Joseph A. Schneider, Jr., is not par-    ticipating in this appeal.

Also an easement 50 feet wide abuting [sic] on the lots and on the north line of the S½ of sections 21 and 22 to Road # 120.

Thus, the easement ran east/west across sections 21 and 22 from Hickory Island Beach to State Road # 120. The easement was bounded on the north by the half-section line and on the south by a line 50 feet south of the north boundary.

An eighteen foot asphalt roadway was constructed on the easement such that there remained an approximately six foot strip of land between the north edge of the roadway and the half-section line. The Hickory Island Beach Cottage Owners' Association has continually maintained the roadway, which came to be known as Hickory Island Road.

North Snow Bay owns the property north of the Hamiltons' tract, just across the half-section line. That property is bounded on the east by State Road # 120, on the south by the half-section line, and on the west and north by Snow Lake. North Snow Bay's property does not abut Hickory Island Road.

Between 1965 and 1969, North Snow Bay began to prepare its land for development, using cranes and other heavy equipment to dredge the channel and lay gravel. On occasion, North Snow Bay would access the property by going over Hamiltons' land, using Hickory Island Road and crossing the six foot strip.

On November 25, 1969, North Snow Bay platted the Third Addition to North Snow Bay on the land. The plat showed lots 87 to 91, bordered on the south by the half-section line, as being land-locked. The plat did not provide for any means of ingress and egress to these lots. After 1969, North Snow Bay would sometimes access these lots from Hickory Island Road to show them to prospective buyers and also to mow the grass.

On October 20, 1992, North Snow Bay conveyed Lot 86 to Schneider. Lot 86 is the southeasternmost lot in the Addition, abutting both the half-section line and State Road # 120. After building a residence on the lot, Schneider began to construct a driveway from his house to Hickory Island Road. Hamiltons filed a complaint seeking an order permanently enjoining North Snow Bay and

Schneider from making any permanent driveway cuts from their land to Hickory Island Road.

Both sides to the lawsuit filed motions for summary judgment. The trial court granted partial summary judgment in favor of Hamiltons, enjoining North Snow Bay and Schneider from constructing any driveways across the six foot strip to Hickory Island Road. The trial court also granted partial summary judgment in favor of North Snow Bay and Schneider, finding that they had acquired a prescriptive easement over Hickory Island Road and the strip for the sole purposes of showing the lots to prospective buyers and mowing the grass. North Snow Bay appealed and Hamiltons cross-appealed.

### Discussion and Decision

■■■ Upon review of the grant or denial of a summary judgment motion, we apply the same legal standard as the trial court: summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C); *Marathon Petroleum Co. v. Colonial Motel Properties, Inc.* (1990), Ind.App., 550 N.E.2d 778. On review, we may not search the entire record to support the judgment, but may only consider that evidence which had been specifically designated to the trial court. *Keating v. Burton* (1993), Ind.App., 617 N.E.2d 588, *reh. denied, trans. denied.* The party appealing the trial court's grant or denial of summary judgment has the burden of persuading this court that the trial court's decision was erroneous. *Indiana Republican State Comm. v. Slaymaker* (1993), Ind. App., 614 N.E.2d 981, *trans. denied.*

### I. Dedication as a Public Street

■■ North Snow Bay contends it has unrestricted access to use Hickory Island Road, arguing that the grant of easement in the 1949 plat was a common law dedication. The two essential elements of a common law dedication are (1) an intent of the land owners to dedicate, and (2) an acceptance of the dedication by the public. *Gibson v. Ocker* (1966), 138 Ind.App. 438, 441, 214 N.E.2d 395, 397. There must be a clear intention on

the part of a dedicator of a public street to constitute a dedication. *Id.* "The intention to which the courts give heed is not an intention hidden in the mind of the landowner, but an intention manifested by his acts." *Id.* (citing *Gillespie v. Duling* (1907), 41 Ind.App. 217, 222, 83 N.E. 728, 730). Evidence of a dedication includes whether the existence of the street is shown by a public plat accompanied with use by the public as a street, whether there is evidence of a parol dedication accompanied by public use, whether there is evidence of the owner selling lots on opposite sides of a strip suitable for a street and the public using the strip as such, or whether there has been a taking by the lawful authority for public use. *Cook v. Rosebank Dev. Corp.* (1978), 176 Ind.App. 664, 668–669, 376 N.E.2d 1196, 1199–1200. Whether a plat contains an express dedication of a strip of ground to the public as a street is a matter of law for the courts. *Wolfe v. Town of Sullivan* (1893), 133 Ind. 331, 32 N.E. 1017.

■ In this case, there is no evidence of a taking of Hickory Island Road by the local lawful authority. Neither is there any evidence of a parol dedication of a public road by the original platters of Hickory Island Beach. Here, the best evidence of the grantors' intention is availed from the plat itself. The plat does not designate a road at all, but merely grants to the purchasers of the platted lots an easement to access their land over land remaining in the hands of the grantors. As manifested in the plat, the grantors' intent was to maintain fee ownership of the land while granting a right of ingress and egress to the purchasers.

■ Easements are limited to the purpose for which they are created. *Whitt v. Ferris* (1992), Ind.App., 596 N.E.2d 230. The trial court correctly held that Hickory Island Road is a private road. There was no common law dedication.

## II. Prescriptive Easement

■ North Snow Bay contends the trial court erred in holding that its prescriptive easement to use Hickory Island Road and to cross the six foot strip was limited to the purposes of showing lots to prospective purchasers and mowing the grass. On cross-appeal, Hamiltons contend that the trial court erred in finding that North Snow Bay and Schneider had a prescriptive easement for any purpose.

■ Hamiltons own fee simple title to the land over which Hickory Island Road traverses. Record title is the highest evidence of ownership and is not easily defeated. *McCarty v. Sheets* (1981), Ind., 423 N.E.2d 297. Therefore, the burden is on North Snow Bay to prove that it has acquired an easement by prescription over Hamiltons' property. A prescriptive easement will exist only where the claimant proves actual, open, notorious, continuous, uninterrupted, adverse use for 20 years under a claim of right, or by continuous adverse use with the knowledge and acquiescence of the servient owner. *Bauer v. Harris* (1993), Ind.App., 617 N.E.2d 923, *reh. denied.* The existence or non-existence of a prescriptive easement is a question of fact for the trier of fact. *Searcy v. LaGrotte* (1978), 175 Ind. App. 498, 372 N.E.2d 755.

■ Here, the designated evidence shows that there is a genuine issue of material fact as to whether North Snow Bay used Hickory Island Road and crossed the six foot strip with Hamilton's permission, or whether Hamiltons acquiesced in North Snow Bay's use. In order to establish a prescriptive right, something more than mere permissive use must be shown. *Hutchinson v. Worley* (1958), 129 Ind.App. 157, 154 N.E.2d 389. "An owner of land is not shorn of any of his rights by merely permitting, as a favor, another to pass over his land." *Id.*, 129 Ind. App. at 163, 154 N.E.2d at 392. The use of land for the purpose of passing over it is not inconsistent with the right of ownership, and where there is no inconsistency between the use and the ownership, there can be no prescriptive right. *Id.*

Leslie Wellig, President of North Snow Bay, testified by affidavit that North Snow Bay has used Hickory Island Road and crossed the six foot strip to gain access to its lots since 1965. Wellig testified that North Snow Bay had never been stopped from us-

ing the road or crossing the strip, and that this use was adverse to Hamiltons.

Conversely, Hamiltons testified by affidavit that they permitted North Snow Bay to cross their real estate for the purpose of first developing its land, and then for the purpose of maintaining and showing the lots to prospective purchasers. Hamiltons stated that they felt it appropriate to accommodate North Snow Bay because such use did not materially burden their property. However, they believed that when North Snow Bay wanted to construct road cuts across their land, which would materially burden their property, they would be contacted and appropriately compensated.

Thus, there is a genuine issue of material fact as to whether North Snow Bay's use of Hickory Island Road and the six foot strip was with Hamiltons' permission. This question must be resolved by the fact-finder. We reverse the trial court's grant of summary judgment wherein it found that North Snow Bay had acquired a prescriptive easement.

### III. Right Under Deed

■ North Snow Bay contends it acquired a right to use the easement by a 1978 deed of conveyance. The deed included the following language:

The grantors herein further grant to the grantees any right they now have for the use of the easement and roadway now existing from State Highway # 120 and through Sections 21 and 22 to Hickory Island Subdivision.

The land described in the deed is located in Section 21, to the west of the Hamiltons' property. As the Third Addition to North Snow Bay was platted, the land makes up a part of lots 92 and 93. (See shaded area of Appendix). The parcel is triangular, bordered on the north by the half-section line and extending south.

The land is subject to the appurtenant easement included in the 1949 plat of Hickory Island Beach Subdivision. North Snow Bay is the owner of the servient estate, whereas the Hickory Island Beach homeowners are the owners of the dominant estate. Thus, North Snow Bay's ownership of this parcel gives it rights to use Hickory Island Road to reach lots 92 and 93. *See e.g. Board of Com'rs of Vanderburgh County v. Joeckel* (1980), Ind.App., 407 N.E.2d 274, 277 (The owner of the servient estate may use his property in any manner and for any purpose consistent with the enjoyment of the easement by the owners of the dominant estate).

Affirmed in part and reversed in part.

RILEY and DARDEN, JJ., concur.