Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

Jul 11 2014, 9:53 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS:

**DANIEL J. PAUL**
Williams Barrett & Wilkowski, L.L.P.
Greenwood, Indiana

ATTORNEYS FOR APPELLEES:

**MICHAEL L. CARMIN**
**GREGORY A. BULLMAN**
Andrews, Harrell, Mann, Carmin & Parker, P.C.
Bloomington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANDREA M. FEARS and EDWIN G. FEARS, | ) | |
| | ) | |
| | ) | |
| Appellants-Defendants, | ) | |
| | ) | |
| vs. | ) | No. 07A04-1305-PL-243 |
| | ) | |
| CHARLES W. AXSOM and | ) | |
| PEGGY L. AXSOM as Trustees of the | ) | |
| Charles W. and Peggy L. Axsom Revocable | ) | |
| Trust, | ) | |
| | ) | |
| Appellees-Plaintiffs. | ) | |

APPEAL FROM THE BROWN CIRCUIT COURT
The Honorable Bruce S. Markel III, Special Judge
The Honorable Frank W. Guthrie, Judge Pro Tem
Cause No. 07C01-1205-PL-203

**July 11, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Andrea M. Fears and Edwin G. Fears (collectively, "the Fearses") appeal the denial of their motion for summary judgment.[1] As there are issues of fact regarding the nature and enforceability of the parties' agreement, we affirm.

## FACTS AND PROCEDURAL HISTORY

The facts favorable to the Axsoms, as the non-moving parties, are that Charles W. Axsom and Peggy l. Axsom, as Trustees of the Charles W. Axsom and Peggy L. Axsom Revocable Trust ("Axsom Trust") and the Fearses own real estate in Brown County, Indiana, with a common boundary line. After a survey, a boundary dispute arose. A trial was held, and the Court ordered the property re-surveyed.

On May 27, 2011, the parties, with their attorneys, met to try to resolve the dispute. As a result of that meeting, two of the Fearses signed a handwritten document that purported to be a Settlement Agreement.[2] As best we can determine,[3] the handwritten document says:

5-27-2011
(1) Reasonable grade of road

---

[1] The trial court certified the order for interlocutory appeal and we accepted jurisdiction.

[2] The document was signed by Lisa and Andrea Fears. As explained below, they purportedly had authority to act on behalf of Edwin Fears, Andrea's co-defendant, and Grant Fears.

[3] Most of the parties' arguments address the validity *vel non* of this agreement, specifically whether it complies with the statute of frauds. The handwritten document is difficult to read and, while the parties refer to the document throughout their briefs and continually characterize its provisions (*e.g.*, a "writing describing certain parameters under which the parties were going to attempt to reach an agreement," (Br. of Appellants at 5)), neither the Appellants' brief, the Appellees' Brief, nor the Appellants' Reply Brief ever explicitly tell us exactly what the purported agreement says.

We remind both counsel that the statement of facts "shall describe the facts *relevant to the issues presented for review*." Ind. Appellate Rule 46(A)(6) (emphasis added). Although we may dismiss an appeal for violation of our appellate rules, *see Smith v. State,* 610 N.E.2d 265 (Ind. Ct. App. 1993), *aff'd in relevant part,* 621 N.E.2d 325 (Ind. 1993), we choose to exercise our discretion in this case and address the issues presented.

(2) $14,000 / deed for acreage amount to total 5A
(3) Barn & Bus on Fears' Tract
(4) divide cost of shooting the line
      Attempt to have State draw the line where the parties agree
(5) closing w/in 30 days of line determination

(App. at 14.) It appears to be signed by Andrea Fears and Lisa Fears.

Afterwards, negotiations broke down. On May 3, 2012, the Axsom Trust sued to enforce the Settlement Agreement. The Fearses moved for summary judgment, asserting the Settlement Agreement was unenforceable as it was neither a valid contract for the sale of real estate nor a contract to enforce a settlement agreement. After a hearing, the trial court denied the motion.

## DISCUSSION AND DECISION

On review of the grant or denial of a summary judgment motion, we apply the same standard as the trial court: summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Coble v. Joseph Motors, Inc.*, 695 N.E.2d 129, 133-34 (Ind. Ct. App. 1998), *trans. denied*. We may not search the entire record to support the judgment, but may consider only evidence specifically designated to the trial court. *Id.* The party appealing the grant or denial of summary judgment has the burden of persuading us that the decision was erroneous. *Id.*

The Fearses argue, among other things, the Settlement Agreement is unenforceable as a matter of law because it does not comply with the statute of frauds. As there is a genuine issue of fact in that regard, summary judgment was properly denied.

3

Ind. Code § 32-21-1-1(b) provides:

> A person may not bring any of the following actions unless the promise, contract, or agreement on which the action is based, or a memorandum or note describing the promise, contract, or agreement on which the action is based, is in writing and signed by the party against whom the action is brought or by the party's authorized agent:
>
> * * * * *
>
> (4) An action involving any contract for the sale of land.

Paragraph 18 of the Axsom Trust's Complaint, states: "The real estate is unique and Axsoms are entitled to specific performance of the Settlement Agreement, a contract, for conveyance of the real estate[.]" (Appellant's App. at 12.) Relying solely on that allegation in the complaint, and without addressing, or even acknowledging, the wording of the writing, the Fearses claim: "It defies explanation how the Axsom Trust could possibly argue that the contract sued upon is anything other than for the sale of real estate," (Reply Br. of Appellant at 6); based thereon, the Fearses assert the contract violates the Statute of Frauds.

As noted above, neither party has favored us with a completely legible rendition of the wording of the alleged agreement that underlies this dispute. As best we can determine, nothing in the writing explicitly provides for a sale of real estate. But assuming *arguendo* it is a contract for the sale of real estate and the statute of frauds is implicated, there is a genuine issue of fact as to whether the agreement was taken outside the statute by part performance. Therefore, summary judgment was properly denied.

An enforceable contract for the sale of land must be evidenced by a writing that: (1)

4

has been signed by the party against whom the contract is to be enforced[4] or his authorized agent; (2) describes with reasonable certainty each party and the land; and (3) states with reasonable certainty the terms and conditions of the promises and by whom and to whom the promises were made.  *Johnson v. Sprague*, 614 N.E.2d 585, 588 (Ind. Ct. App. 1993).

A contract for the conveyance of land may be partly oral if a party partially performs its obligations under the contract, thus taking the contract out of the Statute of Frauds. *Dubois Cty. Mach. Co., Inc. v. Blessinger,* 274 N.E.2d 279, 282-83 (Ind. Ct. App. 1971).

> Oral contracts for the conveyance of real estate are not void, but voidable. . . . Such parol contacts may be enforced by a court of equity under the doctrine of part performance.  Where one party to an oral contract in reliance on that contract has performed his part of the agreement to such an extent that repudiation of the contract would lead to an unjust or fraudulent result, equity will disregard the requirement of a writing and enforce the oral agreement.

*Summerlot v. Summerlot*, 408 N.E.2d 820, 828 (Ind. Ct. App. 1980).

There was evidence before the trial court that the parties met after the agreement was signed, agreed on various boundaries, and the Axsoms paid to have aerial photographs prepared.  Although the Fearses argue that the part performance exception to the Statute of Frauds is inapplicable, in viewing the facts most favorably to the non-moving party – the

---

[4]  The writing has two signatures.  One appears to be "Andrea Fears."  The other is illegible, but the parties seem to agree it is "Lisa Fears."

The Fearses note only two of the seven parties, Andrea and Lisa Fears, signed the agreement, and they assert "there cannot possibly be any settlement agreement for this litigation without involving all the pertinent parties." (Br. of Appellant at 18.)  There was evidence before the trial court that two of the parties, the State and its surveyor, were released from their responsibilities.  There was evidence the persons who signed the agreement, Lisa and Andrea Fears, had authority to act on behalf of Edwin and Grant Fears.  As there is therefore an issue of fact as to whether the document was signed "by the party against whom the contract is to be enforced," the Fearses, *see Johnson v. Sprague*, 614 N.E.2d 585, 588 (Ind. Ct. App. 1993), the Fearses are not entitled to summary judgment on that ground.

5

Axsom Trust – we find no error in the denial of the Fearses' Motion for Summary Judgment.

The Fearses also argue that, if the agreement is not a contract for the sale of land but is instead a settlement of the boundary dispute litigation, they were entitled to summary judgment because it "fails under numerous principles of contract law." (Br. of Appellant at 6.) As there are genuine issues of fact as to its validity as a settlement agreement, summary judgment was properly denied.

The Fearses argue on appeal that the Axsom complaint was inadequate because it did not assert there was an oral contract. As they did not argue that below, we decline to address it on appeal. *See*, *e.g.*, *Minix v. Canarecci*, 956 N.E.2d 62, 75 n.10 (Ind. Ct. App. 2011) (argument not raised before the trial court is waived), *trans. denied*.

Finally, the Fearses assert, without explanation or citation to authority,

> If the Court were to enforce the purported settlement agreement, it would be enforcing an agreement to agree. If the Court were to enforce the purported settlement agreement, there is, indeed, a substantial danger that it will enforce something that neither party intended. The Court should not enforce the purported settlement agreement.

(Br. of Appellant at 20.) We remind the Fearses that we are reviewing the denial of their motion for summary judgment; nothing we decide today can have the effect of "enforcing" any agreement, or even establishing that there is one. Furthermore, we decline to address the Fearses' argument we should not "enforce" an "agreement to agree," because their argument does not comply with our appellate rules. *See*, *e.g.*, *Leone v. Keesling*, 858 N.E.2d 1009, 1014 (Ind. Ct. App. 2006) (noting when parties do not provide argument and citation to authority, their arguments are waived for appellate review), *trans. denied; and see* Ind.

6

Appellate Rule 46(A)(8)(a) ("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22.").

As there are issues of fact as to whether the agreement is enforceable either as an agreement to convey land or as a settlement agreement, the Fearses' motion for summary judgment was properly denied. We affirm the trial court.

Affirmed.

VAIDIK, C.J., and RILEY, J., concur.