**PRIMERICA LIFE INSURANCE COMPANY, Appellant–Defendant,**

v.

**Deborah A. SKINNER, Appellee–Plaintiff.**

No. 45A04–9607–CV–282.

Court of Appeals of Indiana.

April 21, 1997.

---

when the applicant dies prior to issuance of a policy or rejection of the application.

### Facts and Procedural History

On April 1, 1993, Clinton applied for a $50,000.00 life insurance policy with an agent of Primerica. On the application, Clinton indicated that in the past ten years he had not been treated for or had any indication of alcohol abuse or drug use, that in the past five years he had not been treated for or had any indication of any disorder of the lungs or respiratory system, and that in the past three years he had not been a patient in a hospital, had any electrocardiogram or x-ray, or used tobacco. He named Deborah as beneficiary, paid the first premium of $18.81, and signed an Application Agreement and a Conditional Premium Receipt. The Conditional Premium Receipt read as follows, in part:

> I/We understand and agree that no insurance will be in affect before a Policy is issued and delivered unless all Conditions set forth below are met. If all Conditions are met and my/our death occurs before the delivery date of the Policy, then there shall be coverage but only in accordance with the provisions of this receipt and any Policy provisions not in conflict with it. CONDITIONS FOR COVERAGE—1) *All information given by me/us in the application must be true and complete to the best of my/our knowledge and belief;* 2) The Company must find the person(s) to be insured to be (a) standard risk(s) for the Policy applied for according to its underwriting rules; ...
> EFFECTIVE DATE OF COVERAGE— Any coverage under this Receipt will become effective on the latest of the following: 1) Application Date; 2) Completion date for all tests and exams required by the Company in connection with the application; 3) Date the Company receives all other information requested.

(R. 240) (emphasis added).

Clinton died on April 11, 1993, before a policy was issued by Primerica. Deborah notified Primerica of Clinton's death. Primerica denied her claim, refunded the premium, and declared the policy void for material

John P. McQuillan, Spangler, Jennings & Dougherty, P.C., Merrillville, for Appellant–Defendant.

John Kappos, Merrillville, for Appellee–Plaintiff.

## OPINION

CHEZEM, Judge.

### Case Summary

Appellant-Defendant, Primerica Life Insurance ("Primerica"), appeals an order denying its motion for summary judgment, granting summary judgment for Appellee–Plaintiff, Deborah Skinner ("Deborah"), and awarding Deborah the proceeds of a life insurance policy applied for by her brother Clinton Skinner, Jr. ("Clinton"). We reverse.

### Issue

Primerica presents one issue for our review which we restate as whether material misrepresentations on an application for life insurance render the coverage void *ab initio*

misrepresentations on the application. Deborah filed a complaint and, following discovery, both parties moved for summary judgment. The trial court entered an order finding, in part:

10. It is unnecessary to get to the issue of alleged inaccuracies in the insurance application.

11. The Plaintiff's Motion for Summary Judgment is hereby granted and Plaintiff is awarded a judgment in the amount of $50,000.00 plus statutory pre-judgment interest from June 28, 1993.

12. Defendant's Motion for Summary Judgment is hereby denied.

(R. 323). Primerica now appeals.

### Discussion and Decision

■■■ Upon review of the grant or denial of a summary judgment motion, we apply the same legal standard as the trial court: summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C); *North Snow Bay, Inc. v. Hamilton,* 657 N.E.2d 420, 422 (Ind.Ct.App.1995). On review, we may not search the entire record to support the judgment, but may only consider that evidence which had been specifically designated to the trial court. *Id.* The party appealing the trial court's grant or denial of summary judgment has the burden of persuading this court that the trial court's decision was erroneous. *Id.* The construction of a written contract is a question of law for which summary judgment is particularly appropriate. *Conrad v. Universal Fire & Casualty Ins. Co.,* 670 N.E.2d 936, 937 (Ind.Ct. App.1996), *trans. pending.*

■■■ Primerica argues that Clinton's application for life insurance contained numerous falsehoods which render it void according to the terms of the conditional receipt.[1] Prim-

erica contends that the misrepresentations do not operate as a condition subsequent, but void the contract *ab initio.* "False representations concerning a material fact, which mislead, will void an insurance contract, just as any other contract, regardless of whether the misrepresentation was innocently made or made with a fraudulent intent." *Curtis v. American Community Mut. Ins. Co.,* 610 N.E.2d 871, 874 (Ind.Ct.App. 1993). "A representation is material if the fact omitted or misstated, if truly stated, might reasonably influence the insurer's decision whether to issue the policy or to charge a higher premium." *Id.* "However, whether the misrepresentation, intentional or innocent, was material is a question for the jury, unless the evidence is such that there can be no reasonable difference of opinion." *Prudential Ins. Co. of America v. Winans,* 263 Ind. 111, 115, 325 N.E.2d 204, 206 (1975). We conclude as a matter of law that there can be no reasonable difference of opinion that the uncontroverted facts establish a material misrepresentation by Clinton in his insurance application.

Deborah, however, argues that because Clinton died before Primerica acted upon the application, Primerica cannot rescind coverage.

Where ... a [conditional] receipt is issued by a life insurer and the receipt is supported by consideration, a contract is created. Any conditions contained in the receipt are to be *treated as conditions subsequent* thereby compelling an insurer to act affirmatively or negatively on the application. Moreover, where an applicant is not acceptable, he must be notified and the premium returned. An insurer cannot terminate the risk so assumed unless the applicant is so notified *in his lifetime.*

---

1. Primerica presented evidence that Clinton had been treated repeatedly for alcoholism, had admitted to his physician that he used cocaine heavily and smoked cigarettes, had recently been admitted to a hospital for pneumonia, had undergone electrocardiogram and x-ray procedures, and had been hospitalized repeatedly for seizure disorder and alcoholic withdrawal. Deborah does not dispute this evidence in her brief.

Deborah contends that rescission based on misrepresentation does not apply because Primerica had not yet issued a policy to rescind. To the extent that the conditional receipt created a temporary contract of insurance, fraud in the inducement of that contract is certainly pertinent. For purposes of this appeal from summary judgment, we will assume Primerica's designated evidence as fact.

*Kaiser v. National Farmers Union Life Ins. Co.,* 167 Ind.App. 619, 627–28, 339 N.E.2d 599, 604 (1976) (emphases added). The confluence of these two rules, that material misrepresentations on a life insurance application render the coverage void, and that an insurer cannot terminate a temporary contract of life insurance unless the insured is notified during his lifetime, is an issue which our courts have not addressed.

In *Kaiser,* the insured applied for a life insurance policy, paid the first premium, and received a conditional receipt. The insured underwent a medical examination, but died before the insurer could accept or reject the application. In concluding that the conditional receipt created a contract for temporary life insurance, the court construed the condition that Kaiser be found insurable as a condition subsequent. *Kaiser,* 167 Ind.App. at 627–28, 339 N.E.2d at 604. The court held that the condition subsequent had not been acted upon within the insured's lifetime and coverage could not be denied. *Id.* The court's rationale was that "if nothing is said about the complicated and legalistic phrasing of the [conditional] receipt, and the agent accepts an application for insurance together with the first payment, the applicant has reason to believe that he is insured." *Id.* at 622, 339 N.E.2d at 601. Otherwise "the insured would be paying for something which he did not receive." *Id.* at 623, 339 N.E.2d at 602. The *Kaiser* court thus enforced the reasonable expectation of the applicant that he is insured. *See Western & Southern Life Ins. Co. v. Vale,* 213 Ind. 601, 12 N.E.2d 350 (1938).

*Kaiser* is therefore distinguishable from Clinton's situation. It can hardly be asserted that Clinton, at the time he applied for life insurance, could have expected Primerica to provide coverage had he disclosed his true health condition. In this light, the policy considerations underlying *Kaiser* for enforcing the conditional receipt do not apply. There was no meeting of the minds regarding the risk involved. *See Egnatz v. Medical Protective Co.,* 581 N.E.2d 438, 440 (Ind.Ct. App.1991). Primerica's conditional receipt is clearly worded, in language any person could understand, to operate as a condition precedent. Absent a finding of overreaching on

Primerica's part, we will not modify the express terms of the parties' contract.

We hold that the trial court erred in granting summary judgment for Deborah and erred in denying summary judgment for Primerica.

We reverse.

RILEY and STATON, JJ., concur.