OPINION
 

 ROBB, Judge
 

 Case Summary
 

 Appellant-Plaintiff, Teresa White (“White”), appeals the trial court’s grant of summary judgment in favor of Appellee-De-fendant, State Farm Mutual Automobile Insurance Co. (“State Farm”). We affirm in part and reverse in part and remand.
 

 Issues
 

 White raises two issues for our review which we restate as:
 

 
 *1181
 
 I. Whether a genuine question of material fact exists, as to the reasonableness of White’s medical expenses, sufficient to preclude summary judgment in favor of State Farm; and,
 

 II. Whether a genuine question of material fact exists, regarding State Farm’s alleged bad faith in denying White’s claim for medical expenses, sufficient to preclude summary judgment in favor of State Farm.
 

 Facts and Procedural History
 

 The facts most favorable to the judgment show that on July 6,1992, a vehicle driven by White was struck from behind by a vehicle driven by Johnnie Bailey, causing injury to White. White’s automobile was insured under a policy issued by State Farm, including coverage for medical expenses.
 
 [1]
 
 Between July 10, 1992 and November 17, 1992, White incurred medical expenses in the amount of $3,091.80 for services provided by Dr. Beverly Kerr, a chiropractor. Also, between April 13, 1993 and December 21, 1993, White incurred $1,467.48 in medical expenses for Dr. Kerr’s services. White submitted the medical bills to State Farm, which in turn submitted them to an independent medical review agency. State Farm subsequently paid White $3,091.80, but denied her claim for the additional $1,467.48.
 

 On September 28, 1994, White filed her complaint against State Farm alleging breach of the insurance contract, bad faith, fraud, and unfair claim settlement practices. She sought punitive damages and attorneys fees. The complaint was later amended to include defendants Corvel Corp., Pro-Review, and Med-Check and to allege state and federal RICO violations. This added count was dismissed for failure to state a cause of action. Meanwhile, White’s suit against Bailey was settled for $32,000.00 in April of 1995 and White paid the remaining medical expenses from these proceeds. State Farm filed a motion for summary judgment, claiming that White suffered no damages, due to the settlement with Bailey. State Farm argued that because it was subrogated to White’s recovery, had it paid the disputed claim of $1,467.48, it would be entitled to reimbursement from White out of the settlement. The trial court granted State Farm’s motion for summary judgment and entered an order dated July 20, 1998. White now appeals.
 
 [2]
 

 Discussion and Decision
 

 Upon review of the grant or denial of a summary judgment motion, we apply the same legal standard as the trial court: summary judgment is appropriate only when-there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C);
 
 North Snow Bay, Inc. v. Hamilton,
 
 657 N.E.2d 420, 422 (Ind.Ct.App.1995). On review, we may not search the entire record to support the judgment, but may only consider that evidence which had been specifically designated to the trial court.
 
 Id.
 
 The party appealing the trial court’s grant or denial of summary judgment has the burden of persuading this court that the trial court’s decision was erroneous.
 
 Id.
 
 The construction of a written contract is a question of law for which summary judgment is particularly appropriate.
 
 Primerica Life Insurance Co. v. Skinner,
 
 678 N.E.2d 1140, 1142 (Ind.Ct.App.1997).
 

 I.
 

 White argues that the trial court erred in granting summary judgment in favor of State Farm because a genuine question of material fact exists as to the reasonableness of her medical expenses. State Farm contends that even if it breached the insurance contract, White suffered no damages.
 

 
 *1182
 
 The essential elements of a breach of contract action are the existence of a contract, the defendant’s breach thereof, and damages.
 
 Shumate v. Lycan,
 
 675 N.E.2d 749, 753 (Ind.App.1997),
 
 trans. denied.
 
 The existence of the contract is not in dispute, and State Farm does not assert that no breach occurred. We will assume, for purposes of this appeal, that White’s medical expenses were reasonable and necessary. Indeed, State Farm conceded that a question of fact existed on this point at the summary judgment hearing.
 
 See
 
 R. 378. Thus, White’s complaint can survive State Farm’s motion for summary judgment if there is a genuine issue of material fact concerning damages.
 
 [3]
 

 State Farm points to language of the policy which establishes its right of subrogation:
 

 1. If the injured person has been paid damages for the bodily injury by or on behalf of the liable party in an amount:
 

 b. equal to or greater than the total reasonable and necessary medical expenses incurred by the injured person, we owe nothing under this coverage.
 

 2. When we pay medical expenses under this coverage, we are entitled to be paid out of any subsequent recovery for bodily injury from a liable party or such party’s insurer the lesser of:
 

 a. what we have paid; or
 

 b. the amount by which the sum of all the total recovery for bodily injury from all liable parties and what we have paid under this coverage exceeds the total amount of reasonable and necessary medical expenses the injured person incurred.
 

 R. 25. State Farm argues that because it is entitled to reimbursement for medical expenses paid, any additional amounts paid to White would also be reimbursable. However, State Farm apparently has not exercised its right of subrogation. On the other hand, White contends that Ind.Code § 34-53-1-2 requires • an insurer seeking subrogation to pay a pro rata share of the expenses of a third party claim, including attorneys fees.
 
 [4]
 

 It seems to us that State Farm wants it two ways. First, it claims that no further recovery is due White because of its subrogation rights. State Farm then asserts that because it has not sought reimbursement, it is not liable for a pro rata share of fees and expenses incurred by White in obtaining the settlement from Bailey. The clear language of the policy requires State Farm to pay White’s reasonable medical expenses. State Farm concedes that a genuine issue of material facts exists as to the reasonableness of White’s expenses. Because we have assumed that White’s medical expenses were reasonable, for summary judgment purposes, White may be entitled to payment of her claim. Should State Farm seek reimbursement, presumably one-third of the amount will be deducted by White as State Farm’s share of her attorneys fees plus costs and expenses. State Farm argues that it is “absurd” to consider that this results in damage to White, because any deduction from its subrogation claim will go to White’s attorney, not to her. Appellee’s Brief at 7.
 

 We are not in a position to engage in speculation about the effect of State Farm’s subrogation right on White’s attorneys fees, costs and expenses.
 
 [5]
 
 What is clear, however, is that the greater the payment made by
 
 *1183
 
 State Farm for White’s medical expenses, the greater will be State Farm’s obligation to pay its pro rata share of White’s attorneys fees should it seek subrogation. Because White’s attorneys fees will presumably be fixed by the amount of her settlement, this will undoubtedly result in a greater net recovery by White. We conclude that a genuine question of material fact exists regarding White’s damages and hold that the trial court erred in granting summary judgment in favor of State Farm on White’s breach of contract count.
 

 II.
 

 White contends that the trial court erred in granting summary judgment in favor of State Farm on her claim that State Farm breached its duty to deal in good faith. Specifically, she argues that State Farm had implemented no standards to confirm or check the practices of the outside medical review agencies which it employed to review medical bills, particularly chiropractic bills.
 
 [6]
 
 State Farm asserts that because there is a genuine question of material fact as to whether White’s medical expenses were reasonable, its decision to deny the claim was not in bad faith.
 

 Indiana law has long recognized that there is a legal duty implied in all insurance contracts that the insurer deal in good faith with its insured.
 
 Erie Ins. Co. v. Hickman by Smith,
 
 622 N.E.2d 515, 518 (Ind.1993). In
 
 Erie,
 
 our supreme court recognized a “cause of action for the tortious breach of an insurer’s duty to deal with its insured in good faith.”
 
 Id.
 
 at 519. The obligation of good faith and fair dealing with respect to the discharge of the insurer’s contractual obligation includes the obligation to refrain from (1) making an unfounded refusal to pay policy proceeds; (2) causing an unfounded delay in making payment; (3) deceiving the insured; and (4) exercising any unfair advantage to pressure an insured into a settlement of his claim.
 
 Id.
 
 A good faith dispute about the amount of a valid claim or about whether the insured has a valid claim at all will not supply the grounds for a recovery in tort for the breach of the obligation to exercise good faith.
 
 Id.
 

 As stated above, State Farm’s concession that there is a genuine issue of material fact regarding the reasonableness of White’s medical expenses precludes summary judgment, assuming White suffered damages. It does not necessarily follow, however, that this abrogates White’s claim for breach of the duty to deal in good faith. Presuming that White’s medical expenses were reasonable, as we must, it is still possible that State Farm denied paying them in bad faith, if the denial was “unfounded.” That a factual question exists for the jury to decide does not mean, a priori, that a good faith dispute must have existed between insured and insurer.
 

 White contends that State Farm’s admission that it had “no written guidelines or procedures to determine whether or not utilization review would be appropriate in a specific case,” r. 330, together with State Farm’s alleged lack of oversight of its independent medical review agencies, is sufficient to demonstrate State Farm’s bad faith in denying her claim. She points to no other designated evidence in support of her complaint. White also relies upon this court’s opinion in
 
 Mortell,
 
 holding that there was sufficient evidence to support an order of the Indiana Department of Insurance which found State Farm in violation of the Unfair Competition & Deceptive Trade Practices Act regarding claims during 1990.
 

 
 *1184
 
 We conclude that White has failed to designate any evidence that State Farm violated its duty to deal with her in good faith. She even concedes that “no direct evidence of bad faith by the adjusters is present.” Appellant’s Brief at 12. There is no evidence that State Farm’s lack of guidelines or procedures to ascertain when to submit an insured’s claim to a review agency resulted in a breach of the duty of good faith. The effect of a lack of standard procedures might merely be greater discretion on the part of an individual adjuster reviewing a claim. Without evidence that State Farm dealt with
 
 her
 
 in bad faith, White’s claim must fail. The
 
 Mortell
 
 case is simply not
 
 res judicata
 
 requiring the trial court to find that State Farm was guilty of bad faith on every claim for chiropractic expenses. Had White designated any evidence to support her claim that State Farm acted in bad faith, such as a disparate treatment of chiropractic claims versus non-chiropractic claims, we would be of the opinion that the question should be presented to the jury to decide. However, as the record shows that White had ample time within which to conduct discovery, she failed to do so.
 

 We hold that the trial court properly granted summary judgment in favor of State Farm on White’s complaint that State Farm violated its duty to 'deal with her in good faith, in that White has failed to demonstrate a genuine issue of material fact on this issue. We also hold that the trial court erred in granting summary judgment in favor of State Farm regarding White’s allegation that State Farm breached its insurance contract. Genuine questions of material fact exist regarding the reasonableness of White’s medical expenses and regarding White’s damages.
 

 We affirm in part and reverse in part and remand.
 

 SHARPNACK, C.J., and DARDEN, J., concur.
 

 [1]
 

 . The policy provided:
 

 We will pay reasonable medical expenses, for bodily injury caused by accident, for services furnished within three years of the date of the accident....
 

 Reasonable medical expenses do not include expenses:
 

 1. for treatment, services, products or procedures that are:
 

 b. not commonly and customarily recognized throughout the medical profession and within the United States as appropriate for the treatment of the bodily injury....
 

 R. 24 (emphasis deleted, capitalization deleted).
 

 [2]
 

 . White does not appeal the trial court’s grant of summary judgment as it pertains to her claim of unfair claims settlement practices.
 

 [3]
 

 . State Farm argues that White waived the issue of damages by not raising it before the trial court. We disagree. White’s response to State Farm's motion for summary judgment specifically addressed this point.
 
 See
 
 R. 304. While White's argument could have alleged her damages more explicitly, it did include the cost of "obtaining legal representation.”
 
 Id.
 

 [4]
 

 . Indiana Code Section 34-53-1-2 provides:
 

 An insurer claiming subrogation or reimbursement rights under this chapter shall pay, out of the amount received from the insured, the insurer's pro rata share of the reasonable and necessary costs and expenses of asserting the third party claim. These reasonable and necessary costs and expenses include and are not limited to the following:
 

 (1) The cost of depositions.
 

 (2) Witness fees.
 

 (3) Attorney’s fees to the lesser of:
 

 (A) the amount contracted by the insured for the insured's portion of the claim; or
 

 (B) thirty-three and one-third percent (3316 %) of the amount of the settlement.
 

 [5]
 

 .State Farm’s contention that it has not asserted its right of subrogation is not supported by any designated evidence.
 

 [6]
 

 . White cites this court's opinion in
 
 State Farm Mutual Automobile Ins. Co. v. Mortell,
 
 667 N.E.2d 192 (Ind.Ct.App.1996),
 
 trans. denied,
 
 in support. In
 
 Mortell,
 
 we held that "the finding that State Farm paid chiropractic claims in homeowner and automobile policies [during 1990] at a significantly lower rate than it paid similar non-chiropractic claims is substantially supported by the evidence in the record.... State Farm was operating in violation of the [Unfair Competition & Deceptive Trade Practices Act].... State Farm had no objective criteria for determining under what circumstances an outside review agency should be employed to review claims involving chiropractic services and expenses; that claims involving chiropractic services were sent to outside review organizations more frequently than claims for services performed by non-chiropractors; and that State Farm failed to reimburse chiropractors on an equal basis with other health care providers.... State Farm rarely reimbursed a non-chiropractic claim in an amount less than the billed charges, while frequently reducing the amount reimbursed for chiropractic claims.”
 
 Id.
 
 at 201.